IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:19-CR-0021-C<br>ECF |
| TANYA MARIE REGAN (01)<br>CHRISTOPHER JAMES REGAN (02) | |

### GOVERNMENT'S MOTION-IN-LIMINE TO ADMIT SELF AUTHENTICATING DOCUMENTS PURSUANT TO F.R.E. 902(11) AND 806(6)

The United States moves to admit certified copies of business records pursuant to Federal Rule of Evidence 902(11).[1] In support thereof, the United States offers the following:

### INTRODUCTION

The defendants, Tanya Marie Regan and Christopher James Regan, were indicted by a federal Grand Jury on February 28, 2019. On June 12, 2019, a Grand Jury returned a superseding indictment against the defendants. Trial is currently scheduled for August 19, 2019.

The government is seeking to admit certified copies of business records pursuant to Federal Rule of Evidence 902(11) for the following business entities: (1) Google, LLC; (2) Tumblr; (3) Hilton Hotels; (4) Elf Freight Shipping company; (5) Suddenlink; (6) Keepsafe; (7) Oath Holdings; (8) Verizon; (9) Cable One; (10) Taylor County Jail; (11)

---

[1] Defense counsel received copies of the referenced documents and has had the opportunity to review all documents covered by the certificates.

**Tanya Regan,** *et. al.*
**Motion in Limine to Admit Self-Authenticating Documents - Page - 1**

Mansfield Jail; and (12) Tyler Jail.  On July 26, 2019, the government provided formal notice to defense counsel of its intent to admit these records pursuant to 902(11) and requested a stipulation to their admissibility.  On the same day, both defense counsel advised the government that they were generally opposed to the government's motion and could not stipulate to the authenticity of any documents.

Because the defendants have not agreed to stipulate to the admissibility of these items, the government seeks a pretrial ruling as the admissibility of these particular business records to avoid the expense of flying in business custodians from each of the aforementioned business entities.  By seeking to admit evidence pursuant to Rule 902(11), the government anticipates reducing its witness list and avoiding the time and expense of calling 12 custodian of records to testify at trial.

## ANALYSIS

a. Business Records

The Federal Rules of Evidence allows for business records to be admitted at trial without a custodian of records testifying about their authenticity.  Fed. R. Evid. 902(11). The party seeking to admit the business records must show, either through a live witness or a certification that complies with the requirements of Rule 902(11) or (12), that: (1) the record was made at or near the time by, or from information transmitted by, a person with knowledge; (2) the record was kept in the course of a regularly conducted business activity; and (3) it was the regular practice of that business activity to make the record. *United States v. Ned,* 637 F.3d 562, 569 (5th Cir. 2011). "There is no requirement that the

witness who lays the foundation for the admission of a record under the business records exception of the hearsay rule be the author of the record or be able to personally attest to its accuracy." *United States v. Armstrong,* 619 F.3d 380, 384-85 (5th Cir. 2010). Instead, a proper witness is one who can explain the record-keeping system of the organization and attest that the requirements of the business records exception are met. *United States v. Jones,* 554 F.2d 251, 252 (5th Cir. 1977).

     For domestic records to be admitted without a witness, they must meet the requirements of Rule 902(11).   Under Rule 902(11), the certification must meet the previously-listed elements for admissibility under Rule 803(6), and the party seeking to admit the records through such certification must provide timely, written notice of the intent, as well as copies of the records and the accompanying certification, to the opposing party. *See United States v. Olguin,* 643 F.3d 384, 390 (5th Cir. 2011). The rule does not establish how much notice must be given, but it is clear that the time must be of such duration that the certification can be vetted for objection or impeachment in advance. *Id.; United States v. Brown,* 553 F.3d 768, 793 (5th Cir. 2008).   What notice is sufficient is within the trial court's discretion. *See Olguin,* 643 F.3d at 390-91. Notice of intent to introduce records through Rule 902(11), which notice was first provided during trial has been found insufficient. *Brown,* 553 F.3d at 793.   Notice provided five days in advance of trial, where the records were produced months before trial, has been found to constitute sufficient notice. *Olguin,* 643 F.3d at 390-91; *See also United States v. Daniels*, 723 F.3d 562, 579-81 (5th Cir. 2013).

**Tanya Regan,** *et. al.*
**Motion in Limine to Admit Self-Authenticating Documents - Page - 3**

Here, the records the United States seeks to admit have all been properly certified by custodians asserting that the records were made at or near the time of the occurrence of the matters set forth by or from information transmitted by a person with knowledge of those matters, were kept in the course of regularly conducted activity, and were made by the regularly conducted activity as a regular practice, in compliance with Fed. R. Evid. 902(11) and 803(6).   Further, the government first made each of the business records in our possession available for inspection no later than June 6, 2019.   Additionally, various business records from Google, Yahoo! (Oath Holdings), Keepsafe, Tumblr, Suddenlink, Verizon, Hilton, Elfs Freight, Cable One, and various jail facilities were produced to defense counsel on or about March 21, 2019, July 9, 2019, July 21, 2019, July 24, 2019, and July 26, 2019.   Finally, the government provided formal notice to defense counsel of its intention to admit the aforementioned business records on July 26, 2019, approximately twenty-five days before trial.

    b.  Relevance

As a threshold issue to admissibility, the government must also establish that the business records are relevant.   *See generally* Fed. R. Evid. 402. The government must therefore establish that each of the business records have "any tendency to make fact more or less probable than it would without the evidence." Fed. R. Evid. 401.

### Google

The Google records include various attribution records including IP logs, creation IP records, the devices used to log into various Gmail accounts, apps downloaded on a

specific device, purchases made on Google Play and payment method.   The records also include "account info" including the Google account ID, creation date, cell phone associated with the account, and services associated with a certain email.   The information also identifies by "cookies" which accounts are linked to defendant's personal devices and IP address.   Essentially, the Google records allow us to identify the individual who controlled certain Gmail accounts. Specifically, it allows the Government to establish that Christopher and Tanya Regan used and controlled dozens of incriminating email accounts.   Finally, Google provided the Government with emails from various email accounts linked to Christopher and Tanya Regan.   Several emails include images of child pornography and discuss the sexual abuse of identified minors.

### Yahoo!

The Yahoo! (Oath Holdings) records include various attribution records including IP logs, creation IP records, the GUID, registration IP address, date of creation of specific email accounts, and phone number associated with a specific email account. Essentially, the Yahoo! records allow us to identify the individual who controlled certain Yahoo! accounts.   Specifically, it allows the Government to establish that Christopher and Tanya Regan used and controlled dozens of Yahoo! Incriminating email accounts.   Finally, Yahoo! provided the Government with emails from various email accounts linked to Christopher and Tanya Regan.   Several emails include images of child pornography and discuss the sexual abuse of identified minors.   The Yahoo! records include over a dozen emails where Tanya Regan discusses selling videos depicting the sexual abuse of minors.

**Tanya Regan,** *et. al.*
**Motion in Limine to Admit Self-Authenticating Documents - Page - 5**

The return also includes an email with an attached price sheet.   The price sheet lists multiple sexually-explicit videos with a corresponding price for each video.

### Tumblr

The Tumblr account identifies subscriber information for usernames associated with the Regans.   Content provided by Tumblr in response to a search warrant also establishes the enticement and sexual assault of an identified minor. Content of the conversations underscore that the accounts were controlled by Chris and Tanya Regan.

### Keepsafe

Keepsafe produced records in response to a search warrant.   The records show that Christopher Regan had dozens of encrypted images depicting graphic child pornography on his cellular phone.   The Keepsafe application was downloaded on Christopher Regan's Samsung Galaxy phone that was seized on November 9th, and subsequently remotely wiped on November 10th.   The Keepsafe records also establish that he again downloaded the Keepsafe app on an LG cellular phone on or about November 10, 2019. The LG phone was ultimately seized at the time of Chris Regan's arrest on February 13, 2019.

### Hilton Hotels

Hilton provided the Government with receipts from dates when Christopher Regan was a guest at their hotel chain.   These records are relevant because it establishes Christopher Regan was a guest at a specific Hilton property during the same time frame that an individual was logging into email and social media accounts and having sexually

explicit conversations with Tanya Regan.   The Government has reason to believe that Tanya Regan will allege at trial that she would communicate with herself.   The Hilton records help establish that she could not have been in two places at once.

### Suddenlink

The Suddenlink records are relevant because Suddenlink was assigned the IP address which traces back to the Regan's residence in Big Spring, Texas.   Multiple incriminating email accounts trace back to this IP account.   The Suddenlink records establish that the IP in question traces back to Christopher and Tanya Regan.

### Elf Freight

Elf Freight employed Christopher Regan throughout the latter part of 2018. Personnel records confirm his email address, which was used to set up incriminating social media accounts.   Personnel records also establish his work schedule, when he was traveling, travel expenses, and travel reservations.   The records will also corroborate that he was a guest at a Hilton property at the same time an individual was logging into incriminating accounts from the same location.

### Cable One

Certain incriminating email and social media accounts were logged into from an IP address that traces back to Cable One.   The IP in question was assigned to Elf Freight—Christopher Regan's employer.

### Verizon

The Verizon records are relevant because it confirms that a cellular telephone number linked to dozens of incriminating email accounts belongs to Christopher Regan.

### Jail facilities

Christopher and Tanya Regan numerous calls from the facility at which they are incarcerated. Using the consensually-monitored phone within the facility, both Christopher and Tanya Regan make incriminating statements, which were recorded. For instance, Christopher Regan calls his mother and tells her to "burn" SD cards that he left at her residence. At least one of the devices was found to have videos of Tanya Regan sexually assaulting an identified minor. In another call, Tanya Regan chastises her mother for giving law enforcement consent to search her mother's residence. Based on the consensual search, law enforcement seized a video depicting Tanya Regan sexually assaulting an identified minor.

## CONCLUSION

The aforementioned certified business records are admissible as self-authenticating business records pursuant to Federal Rule of Evidence 902(11). The records are relevant, were produced timely, and the requisite foundation has been laid establishing the documents as business records. Further, the United States has sought a stipulation from the defendants regarding the admissibility of these documents. Both defense counsel have generally stated that it is not in their client's best interest to enter into a stipulation with the government with regards to the admissibility of said documents. Because a stipulation cannot be reached prior to trial, the United States

requests a pretrial ruling that the aforementioned business records are admissible under Fed. R. Evid. 902(11) and 803(6), including a ruling that the United States is not required to call custodians of record as witnesses. The live testimony of custodians of record is not required by the evidentiary rules and would unnecessarily consume significant judicial time and governmental resources.

Respectfully Submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

s/ *Russell H. Lorfing*
RUSSELL H. LORFING
Assistant United States Attorney
Texas State Bar No. 24070173
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:   806-472-7351
Facsimile:   806-472-7394
E-mail:        Russell.Lorfing@usdoj.gov

CERTIFICATE OF CONFERENCE

I certify that I conferred by phone with David Sloan, attorney for Tanya Regan, on July 26, 2019. During our conference, we discussed the merit of this motion and the basis for Mr. Sloan's opposition to this motion in limine. I further certify that I conferred by phone with Jacob Blizzard, attorney for Christopher Regan, on July 26, 2019. During our conference, we discussed the merit of this motion and the basis for Mr. Blizzard's opposition to this motion in limine.

/s/ *Russell Lorfing*
RUSSELL H. LORFING
Assistant United States Attorney

CERTIFICATE OF SERVICE

On July 27, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Criminal Procedure 49.

s/ *Russell H. Lorfing*
RUSSELL H. LORFING
Assistant United States Attorney