IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:19-CR-00021-C |
| | ) | |
| TANYA MARIE REGAN (01) | ) | **FILED PARTIALLY UNDER SEAL** |
| | ) | |
| and | ) | |
| | ) | |
| CHRISTOPHER JAMES REGAN (02), | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**UNITED STATES' NOTICE OF INTENT TO INTRODUCE EVIDENCE
UNDER FEDERAL RULES OF EVIDENCE 414 AND 404(B),
MOTION _IN LIMINE_, AND BRIEF IN SUPPORT**

## TABLE OF CONTENTS

I.    **Introduction** ........................................................................................................ 1

II.    **Background** ......................................................................................................... 1

III.  **Legal Standards** ................................................................................................ 3

IV.  **The Offered Evidence is Admissible** ............................................................... 5

    1.  **John Doe #1's Testimony About Sexual Assaults and Child Pornography Production by Both Christopher and Tanya Regan** ......................................6

    2.  **Videos Recovered from Christopher Regan's Residence in the Eastern District of Texas that Depict Tanya Regan Molesting John Doe #1** .............7

    3.  **Additional Videotape Recovered from the Eastern District of Texas Depicting Tanya Regan Molesting John Doe #1** ........................................9

    4.  **Christopher and Tanya Regan's Keepsafe Accounts** ................................9

    5.  **Communications Between Christopher and Tanya Regan Over Google** ....................10

    6.  **Supposed ████████████ Contract from Christopher Regan's Google Account** ........................................................................................................13

    7.  **Communications Between Christopher and Tanya Regan Over Tumblr** .................15

    8.  **Emails from Tanya Regan's Yahoo Email Account** ...............................17

    9.  **Christopher and Tanya Regan's Sexual Assaults of John Doe #3 When He Was a Minor** .....................................................................................19

    10. **Written Communications Between Christopher and Tanya Regan Regarding the Sexual Abuse of John Doe #1 and John Doe #3** ................................20

    11. **Evidence That Christopher Regan Searched for Child Pornography Over the Dark Web** .........................................................................................23

V.    **The Probative Value of the Offered Evidence is Not Substantially Outweighed by the Risk of Confusion or Unfair Prejudice** ........................ 24

VI.  **Conclusion** ...................................................................................................... 25

## **TABLE OF AUTHORITIES**

**Cases**

*United States v. Bailes*, 665 F. App'x 340 (5th Cir. 2016) ........................................... 4

*United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) ............................................. 24

*United States v. Cockrell*, 587 F.3d 674 (5th Cir. 2009) ............................................ 23

*United States v. Crawley*, 533 F.3d 349 (5th Cir. 2008) ..................................... 4, 5, 21

*United States v. Goff*, 155 F. App'x 773 (5th Cir. 2005) ......................................... 5, 23

*United States v. Guidry*, 456 F.3d 493 (5th Cir. 2006) ................................................ 3

*United States v. Layne*, 43 F.3d 127 (5th Cir. 1995) .............................................. 5, 23

*United States v. Lewis*, 796 F.3d 543 (5th Cir. 2015) ............................................ 4, 24

*United States v. Moore*, 425 F. App'x 347 (5th Cir. 2011) .......................................... 4

*United States v. Rice*, 607 F.3d 133 (5th Cir. 2010) .............................................. 5, 21

*Waste Mgmt. of La., LLC v. River Birch, Inc.*, 920 F.3d 958 (5th Cir. 2019) ......................... 5, 21

**Statutes**

18 Pa. Cons. Stat. § 3121 ............................................................................. 7

18 Pa. Cons. Stat. § 3122.1 ........................................................................... 7

18 Pa. Cons. Stat. § 3125 ............................................................................. 7

18 U.S.C. § 2251 ..................................................................................... 3

18 U.S.C. § 2252A ................................................................................. 3, 23

18 U.S.C. § 3509 ..................................................................................... 1

Mich. Comp. Laws § 750.520b ........................................................................... 7

N.D. Cent. Code § 12.1-20-03 .......................................................................... 7

N.D. Cent. Code § 12.1-20-03.1 ........................................................................ 7

Neb. Rev. Stat. § 28-319 .............................................................................. 7

Neb. Rev. Stat. § 28-320-01 ........................................................................... 7

S.D. Codified Laws §§ 22-22-1 ......................................................................... 7

S.D. Codified Laws § 22-22-7 .......................................................................... 7

Tex. Penal Code § 21.11 ............................................................................... 7

Tex. Penal Code § 22.011 .............................................................................. 7

Tex. Penal Code § 22.021 .............................................................................. 7

**<u>Rules</u>**

Federal Rule of Evidence 404 ...................................................................................... *passim*

Federal Rule of Evidence 414 ...................................................................................... *passim*

Local Criminal Rule 55.3 .................................................................................................... 1

## I.        Introduction

To prove the charges in the Superseding Indictment at trial, the United States will seek to introduce in its case-in-chief the evidence described below (the "Offered Evidence"). The United States believes that much of the Offered Evidence is intrinsic to the charges in the Superseding Indictment and thus can be admitted into evidence without resort to Federal Rules of Evidence 414 or 404(b). It is, however, also admissible under those rules. Therefore, out of an abundance of caution, the United States provides this notice of its intent to introduce the Offered Evidence at trial. It also hereby moves *in limine* for a pretrial order allowing the introduction of the Offered Evidence.[1]

## II.       Background

The United States has indicted Christopher and Tanya Regan for numerous federal crimes against children, including conspiracy to produce child pornography; production, distribution, and possession of child pornography; and efforts to obstruct the federal investigation and prosecution. *See* ECF No. 45. Christopher and Tanya Regan came to law enforcement's attention in October 2018 through a report from the National Center for Missing and Exploited Children ("NCMEC"). According to this report, Google notified NCMEC after discovering an incident of "Child Pornography (possession, manufacture, and distribution)" by a user "Jenna Lennon" who used the Gmail account "jennalennon12@gmail.com." The report also contained IP addresses for "Jenna Lennon." Through the use of subpoenas, law enforcement determined

---

[1] In accordance with Local Criminal Rule 55.3(a) and 18 U.S.C. § 3509(d)(2), the United States makes this filing partially under seal. All information that could be used to identify child victims in this case will be redacted in the public version of this document. Under 18 U.S.C. § 3509(d)(2), the United States will file an unredacted version of this document with the clerk's office.

that the IP addresses listed in the NCMEC report were assigned to the Regans' home in Big Spring, Texas, within the Northern District of Texas.

In November 2018, Homeland Security Investigations ("HSI") and local law enforcement executed a search warrant at the Regan's home in Big Spring and seized electronic devices belonging to the Regans.  During a *Mirandized* interview on the day of the search warrant execution, Tanya Regan admitted to sexually assaulting John Doe #2, a minor, in the Northern District of Texas in ████████ and recording the sexual assault on camera.  Tanya Regan claimed that she did so after an online psychiatrist advised her to sexually assault John Doe #2.

A forensic examination of electronic devices recovered from the Regan's home and elsewhere revealed a number of videos of Tanya Regan sexually assaulting John Does #1 and #2 when they were both minors.[2]  These videos appear to have been produced between ████ and ████ nearly all of them were recovered from the Northern District of Texas, and several of them were created in the Northern District of Texas.

At least one of the videos, which is dated ████████, depicts both Christopher and Tanya Regan jointly participating in the sexual assault of John Doe #1.  Another series of videos from ████ depicts Christopher Regan setting up a camera in a bedroom less than 40 minutes before Tanya Regan sexually assaults John Doe #1 in the same room, which was recorded with the camera.

HSI also obtained search warrants for numerous email and social-media accounts, including the Google account for "Jenna Lennon."  The contents of that account revealed a chat between "Jenna Lennon" and Tanya Regan, during which "Jenna Lennon" identifies herself as a female coworker of Christopher Regan.  During this chat, "Jenna Lennon" distributes numerous

_____

[2] ████████████████████████████████████████████████████████

child pornography files to Tanya Regan.  Information obtained from Google indicates that Christopher Regan was the individual behind the "Jenna Lennon" account.

### III.   Legal Standards

**Rule 414.**  Federal Rule of Evidence 414(a) provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation."  Both Christopher and Tanya Regan are accused of "child molestation," which is a term of art under Rule 414.  It includes criminal conduct under state or federal law that:

- Is prohibited by 18 U.S.C., Chapter 110, including production of child pornography under 18 U.S.C. § 2251(a), distribution of child pornography under 18 U.S.C. § 2252A(a)(2), and possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B);

- Consists of contact between any part of a defendant's body and a child's genitals or anus that is a crime under federal or state law; and

- Consists of contact between the defendant's genitals or anus and any part of a child's body.

Fed. R. Evid. 414(d)(2).  It also includes attempts and conspiracies to engage in such conduct. The Rule defines "child" as anyone under the age of 14.  *Id.* at 414(d)(1).

Rule 414(a) allows the admission of other child-molestation evidence and permits it to be "considered on any matter to which it is relevant."  Accordingly, the Rule provides an "exception[] to the general prohibition on character evidence in cases involving … child molestation."  *United States v. Guidry*, 456 F.3d 493, 501 & n.2 (5th Cir. 2006).  Thus, unlike Rule 404(b), which allows the admission of prior bad acts for certain purposes other than showing character or propensity, Rule 414 permits the admission of child molestation evidence to show a defendant's character or propensity, so long as that evidence is relevant and not unduly prejudicial.  The United States can, for example, introduce evidence in a case like this one that

3

demonstrates a defendant's sexual interest in children or in child pornography.  *See, e.g., United States v. Bailes*, 665 F. App'x 340, 341-42 (5th Cir. 2016) (district court did not err, in case involving production and trafficking of child pornography, in admitting evidence under Rule 414 establishing the defendant's prior sexual abuse of prepubescent girls, which "reflected [the defendant's] deviant sexual attraction to young girls and his motive to commit crimes involving the sexual exploitation of children"); *United States v. Moore*, 425 F. App'x 347, 351-52 (5th Cir. 2011) (district court did not err, in case involving the receipt and possession of child pornography, in permitting testimony under Rule 414 that the defendant had previously molested a 12-year-old, which the government used "to prove [his] sexual interest in children…").  Even "in a case involving possession and receipt of child pornography, evidence of child molestation is admissible because it tends to show a defendant's sexual interest in children."  *United States v. Lewis*, 796 F.3d 543, 547 (5th Cir. 2015).

**Rule 404(b).**  Federal Rule of Evidence 404(b) allows the admission of evidence of "crimes, wrongs, or other acts," except when the evidence's purpose is solely to show a person's propensity to act in conformity with those bad acts.  In determining whether evidence may be admitted under Rule 404(b), a court first determines whether "extrinsic evidence is relevant to an issue other than the defendant's character, *i.e.*, motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  *United States v. Crawley*, 533 F.3d 349, 354 (5th Cir. 2008) (quoting *United States v. Sanders*, 343 F.3d 511, 518 (5th Cir. 2003)).  Then, if the evidence is relevant for at least one such issue, the court applies Rule 403 to determine whether the evidence possesses probative value that is not substantially outweighed by undue prejudice.  *Id.*  As the Fifth Circuit has put it, "[t]his test takes an inclusionary and not an exclusionary approach."  *United States v. King*, 703 F.2d 119, 125 (5th Cir. 1983).

4

Rule 404(b) can also be used to admit evidence going to a defendant's knowing interest in child pornography.  In the child-pornography-possession case of *United States v. Layne*, for example, the Fifth Circuit found no error when the district court admitted two uncharged magazines into evidence under Rule 404(b), one of which depicted "simulated child pornography" and the other contained "depictions of minor children engaged in sexual conduct." 43 F.3d 127, 130, 134 (5th Cir. 1995).  It affirmed the district court's determination that the magazines "were relevant to showing that [the defendant] had a knowing interest in the child pornography."  *Id.*; *see also United States v. Goff*, 155 F. App'x 773, 776 (5th Cir. 2005) (no abuse of discretion for district court to allow admission under Rule 404(b) of magazine entitled "Barely Legal" and defendant's statement that he was aroused by a sleeping 12-year-old because they were relevant to show his knowing interest in child pornography).

**Intrinsic Evidence.**  Rules 414 and 404(b), however, concern only evidence that is extrinsic.  Evidence that is intrinsic may be admitted without resort to either Rule.  "'Other acts' evidence is intrinsic when it is inextricably intertwined with the charged offense, when both acts are part of the same criminal episode, or when the 'other act' was a necessary preliminary step toward the completion of the charged crime."  *Crawley*, 533 F.3d at 354.  In addition, "intrinsic evidence is admissible to 'complete the story of the crime by providing the immediate context of events in time and place,' and to 'evaluate all of the circumstances under which the defendant acted.'"  *Waste Mgmt. of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 967 (5th Cir. 2019) (quoting *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010)).

### IV.    The Offered Evidence is Admissible

The Offered Evidence, which is described below, is all admissible—either because it is intrinsic to a charged offense or under Rules 414 or 404(b).

1.  **John Doe #1's Testimony About Sexual Assaults and Child Pornography Production by Both Christopher and Tanya Regan**

The United States expects to call John Doe #1 as a trial witness, and it anticipates that, among other topics, he will testify as follows:

- ███████████████████████████████████████████████ he was the victim of repeated sexual abuse and child pornography production by Tanya and Christopher Regan;

- Nearly every incident of sexual abuse was captured on video;

- Generally, Tanya Regan would subject him to sexual abuse and Christopher Regan would at times be in the room, would hold the camera, or would watch the abuse as it happened;

- Christopher and Tanya Regan stored videos of the sexual abuse on various media, including SD cards, which Christopher Regan maintained control over;

- █████████████████████████████████████████████████████

- Christopher and Tanya Regan instructed John Doe #1 never to talk to law enforcement without them present and that, if he was ever questioned by law enforcement, he would state that no sexual abuse ever took place;

- In particular, Christopher and Tanya Regan told John Doe #1 that if law enforcement came ████████, John Doe #1 and Tanya Regan would stall law enforcement while Christopher Regan either fled or destroyed evidence.

The testimony of John Doe #1 is plainly intrinsic to the offenses charged in the indictment. In particular, Count One charges the Regans with conspiracy to produce child pornography, including of John Doe #1, and other counts of the indictment charge the Regans with producing child pornography of John Doe #1 and John Doe #2. Evidence of production of child pornography depicting John Doe #1 falls within the scope of the conspiracy count, even if it concerns instances of production that are not charged as separate counts in the Superseding Indictment. In addition, John Doe #1's testimony encompasses matters that are inextricably

intertwined with multiple counts of the indictment, such as the Regans' possession of child pornographic videos and evidence demonstrating consciousness of their guilt.

Even if John Doe #1's testimony were somehow extrinsic to the Superseding Indictment, it would still be admissible under Rules 414 and 404(b). It concerns incidents of production and possession of child pornography by Christopher and Tanya Regan, which are violations of Chapter 110 of the United States Code. *See* Fed. R. Evid. 414(a), (d)(2)(B) and (F). It also concerns hands-on sexual abuse that is prohibited by state law. *See id.* 414(a), (d)(2)(C) and (D).[3] John Doe #1's testimony is also admissible under Rule 404(b) to show the Regans' "knowing interest in [] child pornography," which necessarily goes to identity and state of mind for the child pornography production, distribution, and possession counts in the Superseding Indictment. *Layne*, 43 F.3d at 130, 134; *Goff*, 155 F. App'x at 776.

## 2. Videos Recovered from Christopher Regan's Residence in the Eastern District of Texas that Depict Tanya Regan Molesting John Doe #1

For a period of time before his February 2019 arrest, Christopher Regan lived at a residence in Point, Texas, in the Eastern District of Texas. On February 23, 2019, after his arrest, Christopher Regan contacted a relative from jail and instructed her to locate certain SD cards located at the residence and destroy them. Specifically, he told the relative that "it might be a good idea if those, like, got burnt or went away…" and "you might want to just burn those…" He claimed that he wanted the SD cards burnt because Tanya Regan supposedly gave

---

[3] ███████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
██████████████████████████

them to him, and even though he claimed not to know what was on them, he thought she might

be trying to "set [him] up."

Instead of burning the SD cards, however, the relative contacted Homeland Security

Investigations and allowed agents to seize the cards from Christopher Regan's former residence

in Point.  A forensic examination of those SD cards revealed several videos of Tanya Regan

sexually abusing John Doe #1, both in allocated and unallocated space (the "EDTX Videos").

All the EDTX Videos contain metadata indicating that they were created on at least two separate

occasions in ███████, when John Doe #1 would have been ██ years old.  Because these

items were recovered from the Eastern District of Texas, they do not form the basis of any

production or possession counts in the Superseding Indictment.

The EDTX videos are admissible without resort to Rules 414 and 404(b) because they are

intrinsic to and inextricably intertwined with Counts One and Fourteen of the Superseding

Indictment.  They are intrinsic to Count One because they make it more likely that Christopher

Regan participated in a conspiracy to produce child pornography.  Specifically, they demonstrate

that Christopher Regan not only was aware that Tanya Regan had sexually abused John Doe #1

on camera, he also possessed videos of the abuse, even after a search warrant had been executed

at his home.  In addition, the EDTX Videos are intrinsic to Count Fourteen because Christopher

Regan tried to obstruct justice when he instructed a relative to destroy the SD cards that

contained the videos, which are, of course, highly incriminating.

Even if the Court were to determine that the EDTX Videos are not intrinsic to the

Superseding Indictment, they are still admissible under Rules 414 and 404(b) for the same

reasons that John Doe #1's testimony is admissible.  *See supra* § III.1.

### 3. Additional Videotape Recovered from the Eastern District of Texas Depicting Tanya Regan Molesting John Doe #1

In addition to the EDTX Videos listed above, HSI separately recovered an 8mm videotape by consent from the home of a relative of Tanya Regan, also in the Eastern District of Texas. (The relative and the home are different from the relative and home from which the EDTX Videos were recovered.) This videotape appears to depict at least two separate instances of Tanya Regan sexually abusing John Doe #1.

This videotape, like the EDTX Videos, is intrinsic to Count One of the Superseding Indictment. Even if it were not, it still depicts Tanya Regan producing child pornography and participating in the hands-on abuse of a child, and it demonstrates her knowing interest in child pornography. It is therefore admissible under Rules 414 and 404(b). *See also supra* § III.1.

### 4. Christopher and Tanya Regan's Keepsafe Accounts

Both Christopher and Tanya Regan maintained accounts with "Keepsafe," a company offering applications for mobile devices that include a "photo vault" that can be used to hide and secure personal items, including photos. According to information provided by Google, Christopher Regan had installed the Keepsafe photo vault application on multiple devices, including a Samsung Galaxy Note 8 cellular phone.

The United States obtained a search warrant for Christopher and Tanya Regan's Keepsafe accounts, and both accounts contained apparent child pornography. In particular, both accounts contained, among other images, an image that appears to depict a female infant with her naked vagina exposed to the camera.

Christopher Regan's Keepsafe account is intrinsic to Court Thirteen of the Superseding Indictment. In particular, within 24 hours after HSI executed a search warrant at his home in Big Spring and seized electronic devices, including the Samsung Galaxy Note 8, Christopher Regan

used a Google service to remotely erase the contents of that phone.  This is the basis of Count Thirteen of the Superseding Indictment.

In addition, both Christopher and Tanya Regan's Keepsafe accounts contain child pornography, and constructive possession of child pornography is an admissible act of "child molestation" under Rule 414.  *See* Fed. R. Evid. 414(a), (d)(2)(B); 18 U.S.C. § 2252A(a)(5)(B). In addition, as noted above, evidence of knowing possession of child pornography is admissible under Rule 414 as well as under Rule 404(b) to demonstrate the defendants' intent and knowledge with respect to the charged child pornography offenses.  *See supra* § II.

### 5.  Communications Between Christopher and Tanya Regan Over Google

In the course of the investigation, HSI discovered that Tanya Regan used her Google email account—hotmom0928@gmail.com—to communicate with a number of other Google users concerning the sexual abuse of children, including John Does #1 and 2.  For example, Tanya Regan engaged in the following chats with the Google user "Zach Embody" who used the Google account "zachembody@gmail.com":

| | |
|---|---|
| *hotmom0984:* | *Ya so i am gonna assume ur not a v huh* |
| *zachembody:* | *No* |
| *hotmom0984:* | *So when u loose it ja[4]* |
| *zachembody:* | *13* |
| *hotmom0984:* | *Nice thay how old* ▮▮▮▮ *was when i got his* |
| *zachembody:* | *Wow ha* |
| *hotmom0984:* | *Ya i bad* ▮▮▮ |
| *...* | |
| *hotmom0984:* | *Sorry if u were* ▮▮▮ *ud be fucking me* |
| *zachembody:* | *How what if said no lol* |
| *hotmom0984:* | *Who say no* |

---

[4] "Just asking."

| | |
|---|---|
| *zachembody:* | *U said I would be I said what if I said no lol* |
| *hotmom0984:* | *Id tie ur ass up like i did [John Doe #1] and took it lol* |
| *hotmom0984:* | *Ooopppsss ssshhh he dont like ppl to know* |
| *zachembody:* | *Wow* |
| *hotmom0984:* | *Ya sorry i naughty but i get what i want* |
| *hotmom0984:* | *Always* |
| *zachembody:* | *Damn* |
| ... | |
| *hotmom0984:* | *[John Doe #2] is ▮ will grab my hips and fuck me 69 on bed* |
| *zachembody:* | *Wow* |
| ... | |
| *hotmom0984:* | *Ya ik wish i had a 3some rn* |
| *zachembody:* | *U done this with ur ▮▮▮▮ man* |
| *hotmom0984:* | *[John Doe #1] and Chris yes long time ago tho* |
| *zachembody:* | *Wow* |
| *hotmom0984:* | *Ya sorry id love to fo it more* |
| *zachembody:* | *Really with them ja* |
| *hotmom0984:* | *That or my ▮▮▮ same time* |
| *zachembody:* | *Wow fuck really* |
| *zachembody:* | *Ja* |
| *hotmom0984:* | *Ys baby* |
| ... | |
| *hotmom0984:* | *Nm i need good fucking wish [John Doe #1] would* |
| *zachembody:* | *He womt* |
| *hotmom0984:* | *No got him at ▮▮▮▮▮▮* |

Tanya Regan also engaged in the following chats with the Google user "Patty Embody" who used the Google account "pattyembody@gmail.com":

| | |
|---|---|
| *pattyembody:* | *Sorry I not innocent* |
| *hotmom0984:* | *Ug* |
| *pattyembody:* | *Js girlly* |
| *hotmom0984:* | *Ug* |

11

*pattyembody:*          *U slut ja*

*hotmom0984:*          *Ya*

*pattyembody:*          *Nice I always have been mainly* ▮ *n minor thlugh*

*hotmom0984:*          *Ya same here not into weird ppl tho*

*pattyembody:*          *Lol me either prefer minor*

*hotmom0984:*          *Yes*

*pattyembody:*          *They easy ha*

*pattyembody:*          ▮ *nut in ja*

*pattyembody:*          *Ja*

*hotmom0984:*          *Ya*

*...*

*pattyembody:*          *So* ▮▮ *getting pussy therapy tonight woman*

*hotmom0984:*          *Ya if he comes on..*

*pattyembody:*          *What u mean*

*hotmom0984:*          *I told him if he did me for a week at the end i pay him 50 he laughed*

*...*

*pattyembody:*          *How old smallest u sucked*

*hotmom0984:*          *1*

*pattyembody:*          *Yum 6 mo here*

*hotmom0984:*          *Wow*

*...*

*pattyembody:*          *[John Doe #2] give it up*

*hotmom0984:*          *Ya..*

*pattyembody:*          *Cum*

*pattyembody:*          *Ja*

*hotmom0984:*          *Ya*

*pattyembody:*          *Quick?*

*hotmom0984:*          *Ya*

*pattyembody:*          *Nice*

12

In addition, during a conversation between Tanya Regan and "lonelyembodyboy@gmail.com," Tanya Regan sends an image that appears to depict her having sexual intercourse with a young man.  After she sends the image, this conversation ensues:

| | |
|---|---|
| *lonelyembodyboy:* | *Who dat* |
| *hotmom0984:* | ████████ |
| *lonelyembodyboy:* | *N u* |
| *hotmom0984:* | *Ya* |

Information obtained from Google indicates that Christopher Regan was the individual behind the "Zach Embody," "Patty Embody," and "Lonely Embody Boy" accounts.

The Google communications are intrinsic to the Superseding Indictment because they include Tanya Regan's admissions to sexually abusing John Doe #1 and 2, which is the conduct charged in Counts One through Four.  Even if they were not, however, they would still be admissible under Rules 414 and 404(b) because they expressly contemplate the sexual abuse of children and, in at least one instance, Tanya Regan uses her Google account to distribute child pornography.  In addition, the communications are probative of Christopher and Tanya Regan's identity as the perpetrators of the counts of the Superseding Indictment, as well as their intent.

**6.** ████████████████████████████████

████████████████████████████████

████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████

████████████████████████████████

████████████████████████████



### 7.   Communications Between Christopher and Tanya Regan Over Tumblr

In the course of its investigation, HSI became aware that Christopher Regan was using the social-media platform Tumblr to communicate with Tanya Regan about the sexual abuse of children.  Specifically, a coworker of Christopher Regan's surreptitiously logged into his work email account and clicked on a link from Tumblr, which allowed her to see a live chat between Tanya Regan and a user with the name "differentdocforyou."  In this chat, "differentdocforyou" purports to be a doctor and appears to encourage Tanya Regan to sexually abuse John Doe #2.  The coworker took screenshots of the chat and provided them to HSI.  The chats include the following exchanges:



*differentodocforyou:*          *Js but I am a sure you have seen other doctors for* ████
                                *your gonna have to follow strict orders or this never work*

*differentodocforyou:*          *Need to start this out slow I am sure in past you probably
                                just told him he was fucking right*

*hotmom0984:*                   *Ya all time… ya told him to try to see if it helped him*

...



*differentodocforyou:*

*hotmom0984:*   *Ok*

*differentodocforyou:*   *And don't tell him to shave if that's ur thing n he has hair, don't freak if he pre cums in ur mouth or on u.  All that is a turnoff for younger*

*hotmom0984:*

*ya ik and he does shave bc we all shave lol*

*differentodocforyou:*

…

After receiving these screenshots, HSI served a search warrant on Tumblr, which in response produced a transcript of a chat from November 8, 2018, between "hotmom0984"—an identifier used by Tanya Regan—and "swaghologramcrusade."  The content of the chat is identical to the chat that Christopher Regan's coworker took screenshots of.  At least one of the logins for "swaghologramcrusade" was an IP address that was also used to sign into cregan310@gmail.com.

This Tumblr chat is admissible under 414 and 404(b).  It is evidence of the criminal sexual abuse of two children, and a conspiracy and attempt to abuse them as well, and is thus admissible under Rule 414(a) and (d)(2)(C), (D), and (F).  It is also probative of the Regans'

intent and knowledge of the sexual abuse of John Does #1 and 2 and the child pornography they produced, distributed, and possessed.

### 8.   Emails from Tanya Regan's Yahoo Email Account

The United States also obtained a search warrant for Tanya Regan's email account, which is associated with the email address tanya.regan@yahoo.com.  One email in that account appears to be from Christopher Regan and concerns the sexual abuse of John Doe #1.  That email is "Chris Regan <chris.regan@ymail.com>" to tanya.regan@yahoo.com, is dated █████████ ███, and bears a subject line that is just the first name of John Doe #1.  The text of the email is as follows:



> *Tonight you are sucking him off.* █████████████████████████
> ███████████████████████

> *Thanks,*

> *Chris*

Other emails in the account appear to discuss the sale of child pornography produced by the Regans.  For example, on █████████, tanya.regan@yahoo.com sent an email to the email address xxxmoviesdvd@yahoo.com with the subject line "movies" and the text "Yes I do have some.. I have █████████ movies.. █████████████ that is."  Images of money are included with the email.  A response from xxxmoviesdvd@yahoo.com reads "Fuck ya I will buy can you text."  In another email chain from █████████, tanya.regan@yahoo.com tells another individual who asked her about pornographic movies that she has "15 hours of █████████."

Another email chain in the tanya.regan@yahoo.com account was forwarded by "chris.regan@ymail.com" on █████████, with the subject line "Fw: Movie."  The forwarded email was from "Minor Movies <minor.movies@yahoo.com>" to "chris.regan@ymail.com" and read as follows:

> *Chris,*
> *The movie needs to include* ███████████ *sucking and fucking, prefer* ███████████
> ███████████████████████████, *fucking her, eating her pussy while*
> *she sucks* ███ *etc.* ███████████████████████████
> ███████████████ *As i said Male sucking minor is an extra 1,000 even if it is just a*
> *couple of mins.  Movie needs to be around 1 hr 10 minutes long.  The extra 10 mintues*
> *allows me to edit the movie but still have an hour of film.* ███████████████████████
> *adult male getting bj from* ████ *side by side is an extra 1,000.  Will pay you 75 % of th*
> *total of the movie.  Which will be 6,000 if all the abve is done.*

Yet another email in the account is entitled "here read all this" and was sent from

tanya.regan@yahoo.com to "Chris Regan <chris.regan@ymail.com>" on ███████████.  It

attaches a spreadsheet entitled "movies for sale.xlsx," which includes columns for "Products,"

"price," and "Min hours."  The entries in the "Products" column include "███████████████

███████████████████████████ "woman and preteen under 6," "███████████████

████" "fuck man infront of kid," "mom and minor boy under 10," "dp with minor and adult

dick," and "making love with minor."  The "price" column lists figures in the tens or hundreds of

thousands.

Another email in the account entitled "Fw: see i can get her if i want" was forwarded

from to "Chris Regan <chris.regan@ymail.com>" to tanya.regan@yahoo.com on ███████████

████.  The forwarded email was from "bigmanwesley@yahoo.com" to

"chris.regan@ymail.com" and the body of the email appears to be a chat between "Wesley

Bigman" and "tanya.regan."  In the chat, tanya.regan states ███████████ and the chat includes

the following exchanges:

> *tanya.regan:*            ███████████████████████████
>
> *Wesley Bigman:*       *wholy fuck really*
> *tanya.regan:*            *yes*
> *tanya.regan:*            *and i have been fucking* ███████████ *since he was 13*
> *Wesley Bigman:*       *shit girl u are bad huh*

18

*tanya.regan:*                    *ha ha that is just the half of it lol*

The emails in the tanya.regan@yahoo.com Yahoo account also contain evidence of the receipt and distribution of child pornography, including child pornography depicting John Doe #1.  Emails sent from the account to several other accounts attach photos of what appears to be Tanya and John Doe #1 having sex, including an email dated ███████████, from tanya.regan@yahoo.com to "Chris <chris.regan@ymail.com>."  Other accounts send child pornography to tanya.regan@yahoo.com, including an April 23, 2013, email from "gregjackels@yahoo.com" and a February 22, 2016, email from "jasonkilsbee@yahoo.com."

All of the emails concerning the sexual abuse of John Does #1 and 2 or production of child pornography are intrinsic to and inextricably intertwined with the overarching child pornography production conspiracy.  In addition, the emails are admissible under Rule 414 because they all contemplate actual or attempted criminal activity involving child pornography production, distribution, or sale, or the sexual abuse of a child under the age of 14.  *See* Fed. R. Evid. 414(a), (d)(2).  Emails containing child pornography that does not depict John Does #1 or 2 are likewise admissible under that rule, and they are also admissible under Rule 404(b) to demonstrate the Regans' knowing interest in child pornography.  *Id.*; *see also supra* § III.1.  In addition, producing child pornography with the expectation of a financial benefit goes to the Regans' motives behind their crimes and thus can be admitted as one of the proper purposes expressly listed in Rule 404(b).

### 9. Christopher and Tanya Regan's Sexual Assaults of John Doe #3 When He Was a Minor

At trial the United States may also seek to present the testimony of John Doe #3.  The United States anticipates that John Doe #3, who is no longer a minor, will testify that he was sexually abused by Christopher and Tanya Regan on approximately seven occasions when he

was roughly 13-15 years old or possibly younger.  In particular, Tanya Regan showed him

sexually explicit photos of her, and Christopher and Tanya Regan would later give him alcohol.

Once John Doe #3 was highly intoxicated, Christopher and Tanya Regan would jointly

participate in sex acts with John Doe #3.  John Doe #3's account of the sexual acts at issue bears

a remarkable similarity to the video in which Christopher and Tanya Regan jointly participate in

the sexual abuse of John Doe #1.

Any such sexual abuse that took place when John Doe #3 was 13 or younger is

admissible under Rule 414, and can be admitted at trial to prove that Christopher and Tanya

Regan have a sexual interest in minors and a propensity to sexually abuse them.  *See* Fed. R.

Evid. 414(a); *see also supra* § III.1 & n.3.

### 10. Written Communications Between Christopher and Tanya Regan Regarding the Sexual Abuse of John Doe #1 and John Doe #3

In February 2019, John Doe #1 told HSI that Christopher Regan maintained a storage

unit in Big Spring, Texas, and HSI obtained a search warrant for that storage unit.  During the

execution of the warrant, HSI agents located papers that appear to include written

communications between Christopher and Tanya Regan, at least one of which appears to relate

to the sexual abuse of John Doe #1.  In particular, one undated note reads as follows:

> ████████████████████████ *It would be nice if you would be the way you used to be.  I liked the Chris that never fucking hounded on me about anything.  It was fun to do [first name of John Doe #1] when it didn't feel like a chore.  Now you make it feel like one so it is a turn off.  …  O and here is your warning you have told me to leave 2x's already.  Just remember the 3rd time I am out!!!  Not trying to be mean but I am letting you know.  I love you, I want friends and I want to feel more loved please?  No matter what I do I should always fell loved and wanted.  And the funny thing is yesterday after you passed out and then fell asleep on the couch you woke up all lovingly and wanting to kiss me and love on me.  I miss that in you.  You used to be that way all the time.  Love life was great then.  I really fucking miss it.  But quit making me feel like everything is a chore.  When I am on the computer if you want me to do something then just ask me nicely.  but do not make it seem like a chore.*
>
> *I love you*

> *Tanya*
>
> *P.S. I do love you!*
> *Love me?*

Another note appears to respond to this note:

> *Tanya,*
>
> *I do not make stuff feel like a chore.  But when I feel like shit & work all day I would think you would at least clean up stuff.  And I am really upset that you would rather spend time on the computer in chat rooms over spending times with me.  Then lie about it.  …*
>
> *As far as* ▮▮▮▮ *goes not trying to make it a chore but it seems like u live in that chair in front of the computer.  I just ask trying to get you up to do something else.*
>
> *And yes I do love you.*
>
> > *My hand hurts sorry so short*

As noted above, communications regarding the sexual abuse of John Doe #1 are intrinsic to Counts One through Three of the Superseding Indictment, all of which necessarily involve the sexual abuse of John Doe #1.  As noted above, intrinsic evidence includes evidence needed to demonstrate "necessary preliminary steps[] toward the completion of the charged crime" as well as evidence that "'complete[s] the story of the crime by providing the immediate context of events in time and place,' and [allows the jury] to 'evaluate all of the circumstances under which the defendant acted.'"  *Crawley*, 533 F.3d at 354; *Waste Mgmt. of La.* 920 F.3d at 967 (quoting *Rice*, 607 F.3d at 141).  Even if they were not considered intrinsic, the communications would still be admissible under Rule 414, which includes evidence of conspiracies and attempts to sexually abuse children and produce child pornography.  *See* Fed. R. Evid. 414(a), (d)(2)(B)-(D), (F); *see also supra* § III.1 & n.3.

21

In addition to discussions of sexual abuse of John Doe #1, another set of notes in the notebook appears to refer to Christopher and Tanya Regan's sexual abuse of John Doe #3.[5]  A set of notes dated March 23, 2008 reads as follows:

> *Chris—*
>
> *… And no I have never had a 3 some only one Right after the other.  What do you want?*
>
> *Tanya*
>
> *\*\*\**
>
> *Tanya,*
>
> *I do not want to push you into anything but I would like to see you … with* ▮▮▮▮▮▮*. … Anyways how often does he expect to fuck you or did you not discuss that.*
>
> *Chris*
>
> *\*\*\**
>
> *Chris—  we did not talk about how often and he did not say he just said that he would ask if he could come and stay. …*
>
> *Tanya*
>
> *\*\*\**
>
> *Tanya*
>
> *… Maybe next time with [first name of John Doe #3] you can break out the toys?  The only reason I got mad the other day was because I did not get a chance to talk to him about not saying anything to anybody. …*
>
> *Chris*

Evidence regarding Christopher and Tanya Regan's sexual abuse of John Doe #3 when he was a minor is admissible for the reasons set forth above.  *See supra* § III.8.

---

[5] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### 11. Evidence That Christopher Regan Searched for Child Pornography Over the Dark Web

When law enforcement executed the search warrant at the Regans' home in Big Spring, Texas, in November 2018, they also located and seized a silver Toshiba laptop.  A forensic analysis of this laptop revealed that it had only one user-created account entitled "Chris" and it contained a number of documents that appear to be associated with Christopher Regan, including a picture of North Dakota driver's license bearing Christopher Regan's name and picture and a Social Security Card in Christopher Regan's name, as well as documents bearing Christopher Regan's name that appear to be related to his employment.

The forensic analysis of the laptop also revealed evidence that its user had conducted child-pornography-related searches over the dark web.  Specifically, the Tor browser—software that allows a user to access the Tor anonymity network, which is considered to be part of the "dark web"—was installed on the laptop and accessible from its desktop.  This software was installed on May 17, 2018, and on June 25, 2018, the user created a bookmark for the search phrase "child porn" on the Tor-network search engine Atlayo.

As noted repeatedly above, evidence that Christopher Regan attempted to or did access child pornography with intent to view, which is a federal crime, is admissible under Rule 414.  *See* 18 U.S.C. § 2252A(a)(5)(B); Fed. R. Evid. 414(a), (d)(2)(B).  Evidence of Christopher Regan's knowing interest in child pornography is also admissible under Rule 404(b) because it is probative of his knowledge and intent as it relates to the charges in the Superseding Indictment as well as his identity as the perpetrator of those offenses.  *Layne*, 43 F.3d at 130, 134; *Goff*, 155 F. App'x at 776.

23

V.      **The Probative Value of the Offered Evidence is Not Substantially
        Outweighed by the Risk of Confusion or Unfair Prejudice**

The Offered Evidence also passes the balancing test under Federal Rule of Evidence 403.

Under that Rule, evidence may be excluded only when its probative value is "substantially

outweighed" by a risk of unfair prejudice, confusion, or inefficiency.  Fed. R. Evid. 403.  Put

differently, evidence should not be excluded simply when a risk of prejudice outweighs its

probative value.  Instead, for evidence to be excluded under Rule 403, the risk of prejudice or

confusion must be *unfair*, and such risk must *substantially* outweigh the evidence's probative

value.  *See, e.g., United States v. Cockrell*, 587 F.3d 674, 679 (5th Cir. 2009) ("'the judge must

consider the danger of *undue* prejudice' and the test is whether the probative value of the

evidence is *substantially* outweighed by its *unfair* prejudice'") (italics in original) (quoting

*United States v. Beechum*, 582 F.2d 898, 915 n.20 (5th Cir. 1978)).  Rule 403 requires exclusion

"only in those instances where the trial judge believes that there is a genuine risk that the

emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to

the probative value of the offered evidence."  *Id.*

The charged conduct in this case is enormously serious.  It involves, among other things,

the Regans' sexual abuse of minors John Does #1 and #2 for the purpose of producing child

pornography, their trafficking and possession of child pornography, their establishment of social-

media accounts to discuss the sexual abuse and exploitation of children, and Christopher Regan's

efforts to destroy evidence of his crimes.  The jury will thus necessarily hear evidence

concerning all of these matters.  None of the Offered Evidence is more salacious or disturbing

than the evidence that is intrinsic to the charged conduct, which substantially mitigates the risk of

prejudice.

In addition, the Offered Evidence—which consists largely of evidence of the Regans' additional conduct of sexually abusing minors, producing child pornography, and involvement with other child pornography—is of a character that is commonly admitted in cases involving child pornography or the sexual abuse of children.  For example, even "in a case involving possession and receipt of child pornography, evidence of child molestation is admissible because it tends to show a defendant's sexual interest in children."  *Lewis*, 796 F.3d at 547.  And testimony that the Regans sexually abused a different minor, John Doe #3, provides significant probative value as to intent, modus operandi, and intent behind the charges in the Superseding Indictment, and evidence concerning one more minor victim will not unfairly prejudice the Regans at trial.  *See, e.g., id.* at 547 (affirming district court's refusal to exclude evidence under Rule 403 because "the evidence that [the defendant] had sex with two additional underage girls was highly probative of his proclivity for having sex with underage girls.  A proclivity for having sex with underage girls made it significantly more likely that he transported the named victims across state lines with the intent that they engage in criminal sexual activity…").  The Offered Evidence thus passes the balancing test under Rule 403.

## VI.  Conclusion

Christopher and Tanya Regan now have notice under Federal Rules of Evidence 404(b) and 414 that the United States intends to admit the Offered Evidence at trial.  In addition, the Offered Evidence is admissible under those rules, and the United States asks the Court to enter an order *in limine* allowing it to be admitted.

Respectfully submitted,

STEVEN J. GROCKI
Chief, Child Exploitation and Obscenity Section
U.S. Department of Justice, Criminal Division

___/s/_____

KYLE P. REYNOLDS
Trial Attorney
New York State Bar No. 4703856
(Admitted to Practice under L. Cr. R. 57.11)
1400 New York Avenue, NW
Washington, DC 20530
Tel: 202-616-2842
Fax: 202-514-1793
kyle.reynolds@usdoj.gov


RUSSELL H. LORFING
ANN HOWEY
Assistant United States Attorneys
U.S. Attorney's Office, Northern District of Texas
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401

## CERTIFICATE OF CONFERENCE

The foregoing motion is opposed.  I certify that, on July 26, 2019, Assistant United States Attorney Russell Lorfing conferred with Jacob Blizzard, counsel for Christopher Regan, and David Sloan, counsel for Tanya Regan.  During these conferences, counsel discussed the merits of the motion and Mr. Blizzard and Mr. Sloan both expressed their opposition to the motion.

    /s/
KYLE P. REYNOLDS
Trial Attorney
U.S. Department of Justice, Criminal Division

## CERTIFICATE OF SERVICE

On July 29, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Criminal Procedure 49.

    /s/
KYLE P. REYNOLDS
Trial Attorney
U.S. Department of Justice, Criminal Division