IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

UNITED STATES OF AMERICA

v.                                                    No. 1:19-CR-021-Y

TANYA MARIE REGAN (1)
CHRISTOPHER JAMES REGAN (2)

## GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

The United States of America submits the Government's Requested Jury

Instructions.

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY


s/ Ann Howey
ANN HOWEY
Assistant United States Attorney
Texas State Bar No. 24032312
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:   806-472-7560
Facsimile:   806-472-7394
E-Mail:      ann.howey@usdoj.gov

**Government's Requested Jury Instructions - Page 1**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 1

<u>Evidence - Inferences - Direct and Circumstantial</u>

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.   In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.   Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."   You should consider and weigh all of the evidence that was presented to you.   "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.   "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.   The law makes no distinction between the weight to be given to either direct or circumstantial evidence.   But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find the defendant guilty.

_____

Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 1.07 (Alternative B)

**Government's Requested Jury Instructions - Page 2**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 2

Impeachment by Prior Inconsistencies

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true.   You may not consider the earlier statements to prove the content of an earlier statement is true; you may only use earlier statements to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

_____
Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 1.10

**Government's Requested Jury Instructions - Page 3**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 3

Impeachment by Prior Conviction—Witness Other Than Defendant

You have been told that a witness was convicted of a felony offense.   A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility.   It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony.   It is not evidence of anything else.

_____
Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 1.12

**Government's Requested Jury Instructions - Page 4**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 4

Impeachment by Evidence of Untruthful Character

You have heard testimony from others concerning their opinion as to whether a witness is a truthful person.   It is up to you to decide from what you heard here whether the witness was telling the truth in this trial.   In deciding this, you should bear in mind the testimony concerning the witness's reputation for truthfulness as well as all the other factors already mentioned.

_____
Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 1.13
(modified to omit first sentence)

**Government's Requested Jury Instructions - Page 5**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 5

<u>Expert Opinion Testimony</u>

If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion.    You should judge such testimony like any other testimony.    You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

_____
Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 1.17
(modified to omit first sentence)

**Government's Requested Jury Instructions - Page 6**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 6

<u>On or About</u>

You will note that the Superseding Indictment charges that the offenses were committed on or about a specified date.   The government does not have to prove that the crimes were committed on an exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on dates reasonably near the dates stated in the Superseding Indictment.

_____

Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 1.18

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7

Caution—Consider Only Crime Charged

You are here to decide whether the government has proven beyond a reasonable doubt that the defendant is guilty of the crime charged.   The defendant is not on trial for any act, conduct, or offense not alleged in the Superseding Indictment.   Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

_____
Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 1.19

**Government's Requested Jury Instructions - Page 8**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 8

<u>Caution—Punishment</u>

If the defendant is found guilty, it will be my duty to decide what the punishment will be.   You should not be concerned with punishment in any way.   It should not enter your consideration or discussion.

_____

Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 1.20

**Government's Requested Jury Instructions - Page 9**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 9

Multiple Defendants—Multiple Counts

A separate crime is charged against one or more of the defendants in each count of the Superseding Indictment.   Each count, and the evidence pertaining to it, should be considered separately.   The case of each defendant should be considered separately and individually.   The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant.   You must give separate consideration to the evidence as to each defendant.

_____
Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 1.23

**Government's Requested Jury Instructions - Page 10**

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 10

Similar Acts

You have heard evidence of acts of the defendant which may be similar to those charged in the Superseding Indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the Superseding Indictment.   However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the Superseding Indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendant had the state of mind or intent necessary to commit the crime charged in the Superseding Indictment;

**or**

Whether the defendant had a motive or the opportunity to commit the acts charged in the Superseding Indictment;

**or**

Whether the defendant acted according to a plan or in preparation for commission of a crime;

**or**

Whether the defendant committed the acts for which he is on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.

_____

Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 1.30

**Government's Requested Jury Instructions - Page 12**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 11

Possession

"Possession," as that term is used in these instructions, may be one of two kinds: actual possession or constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

Possession may be sole or joint.   If one person alone has actual or constructive possession of a thing, possession is sole.   If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

_____
Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 1.31

**Government's Requested Jury Instructions - Page 13**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 12

<u>"Knowingly"—To Act</u>

 The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

_____

Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 1.37

**Government's Requested Jury Instructions - Page 14**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 13

Definition of "Interstate Commerce"

Interstate commerce means commerce or travel between one state, territory, or possession of the United States, including the District of Columbia.

_____
Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 1.39

**Government's Requested Jury Instructions - Page 15**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 14

Definition of "Foreign Commerce"

Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

_____

Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 1.40

**Government's Requested Jury Instructions - Page 16**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 15

<u>Definition of "Commerce"</u>

"Commerce" includes travel, trade, transportation, and communication.

_____

Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 1.41

**Government's Requested Jury Instructions - Page 17**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 16

<u>Facilities or Means of Interstate and Foreign Commerce</u>

Because of the interstate nature of the Internet, if you find beyond a reasonable doubt that the defendant used such means in distributing a visual depiction of a minor engaged in sexually explicit conduct, or if you find that the defendant possessed a visual depiction of a minor engaged in sexually explicit conduct which was previously transmitted or downloaded through such means, then that visual depiction traveled in interstate commerce.

---

Fifth Circuit Pattern Jury Instructions, Criminal Cases, 2015 Edition, No. 2.84; *United States v. Runyon*, 290 F.3d 223, 239 (5th Cir. 2002) ("transmission of photographs by means of the Internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce").

**Government's Requested Jury Instructions - Page 18**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 17

Cautionary Instruction – Transcript of Tape Recorded Conversation

An exhibit has been identified as a typewritten transcript of the oral conversation which can be heard on the tape recording received in evidence.   The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.   It is what you hear on the tape that is evidence, not the transcripts.

_____
Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 1.42
(modified to delete reference to exhibit numbers)

**Government's Requested Jury Instructions - Page 19**

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 18

Summaries and Charts not Received in Evidence

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case.   These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that is admitted.

_____
Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 1.43

**Government's Requested Jury Instructions - Page 20**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 19

Summaries and Charts Received in Evidence

Certain charts and summaries have been received into evidence.   You should give them only such weight as you think they deserve.

_____

Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 1.44

**Government's Requested Jury Instructions - Page 21**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 20

Aiding and Abetting (Agency)

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged.   The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the offense was committed by some person;

*Second*: That the defendant associated with the criminal venture;

*Third*: That the defendant purposefully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal.   This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

_____
Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 2.04

**Government's Requested Jury Instructions - Page 23**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 21

<u>Conspirator's Liability for Substantive Count</u>

A conspirator is responsible for offenses committed by another conspirator if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, or as a foreseeable consequence of, the conspiracy.

Therefore, if you have first found the defendant guilty of the conspiracy charged in Count One and if you find beyond a reasonable doubt that that during the time the defendant was a member of that conspiracy, the other conspirator committed the offenses in Counts Two through Twelve in furtherance of and as a foreseeable consequence of that conspiracy, then you may find the defendant guilty of Counts Two through Fourteen, even though the defendant may not have participated in any of the acts which constitute the offenses described in Counts Two through Fourteen.

_____
Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 2.17

**Government's Requested Jury Instructions - Page 24**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 22

<u>Conspiracy to Produce Child Pornography</u>
18 U.S.C. § 2251(e)

Defendants Christopher James Regan and Tanya Marie Regan are charged with conspiracy to produce child pornography in violation of Title 18, United States Code, Section 2251(e), in Count One of the Superseding Indictment.

Title 18, United States Code, Section 2251(e), makes it a crime to conspire to employ, use, persuade, induce, entice, or coerce any minor to engage in sexually explicit conduct for the purpose of producing a visual depiction or transmitting a live visual depiction of such conduct.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.   It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*      That the defendant and at least one other person made an agreement to commit the crime of producing child pornography;

*Second:*      That the defendant knew of the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*:      That one of the conspirators during the existence of the conspiracy knowingly committed at least one overt act in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.   Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out.   Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.   Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

_____

Fifth Circuit Pattern Jury Instructions, Criminal Cases, 2015 Edition, No. 2.15A; *United States v. Barry*, 634 F. App'x 407, 411 (5th Cir. 2015) (citing *United States v. Burton*, 26 F.3d 666, 670 (5th Cir. 1997)).

**Government's Requested Jury Instructions - Page 26**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 23

Production of Child Pornography
18 U.S.C. § 2251(a)

Defendants Christopher James Regan and Tanya Marie Regan are charged with producing child pornography in violation of Title 18, United States Code, Section 2251(a)(1), in Counts Two through Four of the Superseding Indictment.

Title 18, United States Code, Section 2251(a), makes it a crime to employ, use, persuade, induce, entice, or coerce any minor to engage in sexually explicit conduct for the purpose of producing a visual depiction or transmitting a live visual depiction of such conduct.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct;

*Second:* That the defendant acted with the purpose of producing and transmitting a visual depiction of such conduct; and

*Third:* That the visual depiction was produced using materials that have been mailed, shipped, or transported in and affecting interstate or foreign commerce by any means, including a computer.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related

to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

The term "minor" means any person under the age of eighteen years.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.   Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material.   You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer.   This list is not exhaustive, and no single factor is dispositive.

The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

**Government's Requested Jury Instructions - Page 28**

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

_____

Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 2.84

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 24

<u>Distribution of Child Pornography</u>
18 U.S.C. § 2252A(a)(2)

Defendants Christopher James Regan and Tanya Marie Regan are charged with distributing child pornography in violation of Title 18, United States Code, Section 2252A(a)(2), in Counts Five through Ten of the Superseding Indictment.

Title 18, United States Code, Section 2252A(a)(2), makes it a crime to knowingly distribute any material that contains child pornography that has been mailed or, using any means or facility of interstate commerce, transported in or affecting interstate commerce by any means, including by computer.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*      That the defendant knowingly distributed an item or items of child pornography, as alleged in the Superseding Indictment;

*Second:*      That the items of child pornography had been transported in or affecting interstate or foreign commerce by any means, including computer; and

*Third*:      That when the defendant distributed the item or items, the defendant knew the item or items contained child pornography.

To "distribute" something means to deliver or transfer possession of it to someone else, with or without any financial interest in the transaction.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related

to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen years.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.   Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material.   You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the

**Government's Requested Jury Instructions - Page 31**

depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer.   This list is not exhaustive, and no single factor is dispositive.

_____

Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 2.85D

**Government's Requested Jury Instructions - Page 32**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 25

<u>Possession of Prepubescent Child Pornography</u>
18 U.S.C. § 2252A(a)(5)(B)

Defendants Christopher James Regan and Tanya Marie Regan are charged with possession of prepubescent child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B), in Count Eleven of the Superseding Indictment.

Title 18, United States Code, Section 2252A(a)(5)(B), makes it a crime to knowingly possess any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of prepubescent child pornography that has been transported in or affecting interstate commerce by any means, including a computer.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*      That the defendant knowingly possessed an item or items that contained an image of child pornography, as alleged in the Superseding Indictment;

*Second:*    That the material was produced using materials that have been mailed, shipped, or transported in and affecting interstate or foreign commerce by any means, including a computer;

*Third*:      That when the defendant possessed the material, the defendant knew the material contained child pornography; and

*Fourth*:    That the image of child pornography involved a prepubescent minor; that is, a minor who had not attained 12 years of age at the time of the alleged events.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage

**Government's Requested Jury Instructions - Page 33**

functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.   Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition.   Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material.   You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting

of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer.   This list is not exhaustive, and no single factor is dispositive.

---

Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 2.85F; definition of "prepubescent" in 18 U.S.C. § 2252A(b)(2).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 26

<u>Possession of Child Pornography</u>
18 U.S.C. § 2252A(a)(5)(B)

Defendants Christopher James Regan and Tanya Marie Regan are charged with distributing child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B), in Count Twelve of the Superseding Indictment.

Title 18, United States Code, Section 2252A(a)(5)(B), makes it a crime to knowingly possess any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been transported in or affecting interstate commerce by any means, including by computer.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*      That the defendant knowingly possessed an item or items that contained an image of child pornography, as alleged in the Superseding Indictment;

*Second:*      That the material was produced using materials that have been mailed, shipped, or transported in and affecting interstate or foreign commerce by any means, including a computer; and

*Third*:      That when the defendant possessed the material, the defendant knew the material contained child pornography.

The term "minor" means any person under the age of eighteen years.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related

**Government's Requested Jury Instructions - Page 36**

to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes  lascivious exhibition.   Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material.   You may consider such factors as whether the focal point of  the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual

activity; whether the child is depicted in an unnatural pose or in inappropriate attire,

considering the age of the child; whether the child is fully or partially nude; whether the

visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or

whether the depiction is designed to elicit a sexual response in the viewer.   This list is

not exhaustive, and no single factor is dispositive.

_____
Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 2.85F

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 27

<u>Destroying, Altering, or Falsifying a Document in a Federal Investigation</u>
18 U.S.C. § 1519

Defendant Christopher James Regan is charged with destruction, alteration, or falsification of records in federal investigations in violation of Title 18, United States Code, Section 1519, in Count Thirteen of the Superseding Indictment.

Title 18, United States Code, Section 1519, makes it a crime for anyone to knowingly alter, destroy, mutilate, conceal, cover up, falsify, or make a false entry in a record, document, or tangible object with the intent to impede, obstruct, or influence the investigation of a matter within the jurisdiction of any department or agency of the United States or in relation to such a matter.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| *First:* | That the defendant knowingly altered, destroyed, mutilated, concealed, covered up, falsified, or made a false entry in a record, document, or tangible object; |
| *Second:* | That the defendant acted with the intent to impede, obstruct, or influence the investigation or proper administration of or in relation to a matter; and |
| *Third*: | That the matter was within the jurisdiction of the United States Department of Homeland Security, which is an agency of the United States. |

There is no requirement that the matter or investigation was pending or imminent at the time of the obstruction, but only that the acts were taken in relation to or in contemplation of any such matter or investigation.

In order to meet its burden, the government does not have to prove that the defendant specifically knew that the matter or investigation was within the jurisdiction of a department or agency of the United States.    In other words, you need not find that the defendant knew he was obstructing, impeding, or influencing a matter that was federal in nature.

A "tangible object" is one used to record or preserve information.

_____
Fifth Circuit Pattern Jury Instructions,
Criminal Cases, 2015 Edition, No. 2.65 (modified to omit reference to Title 11)

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 28

Attempted Obstruction of Justice
18 U.S.C. § 1512(c)(1)

Defendant Christopher James Regan is charged with attempted obstruction of

justice in violation of Title 18, United States Code, Section 1512(c)(1), in Count Fourteen

of the Superseding Indictment.

Title 18, United States Code, Section 1512(c)(1), makes it a crime for anyone to

corruptly alter, destroy, mutilate, or conceal a record, document, or other object, or

attempt to do so, with the intent to impair the object's integrity or availability for use in

an official proceeding.

For you to find the defendant guilty of this crime, you must be convinced that the

government has proved each of the following beyond a reasonable doubt:

*First:*        That the defendant attempted to alter, destroy, mutilate, or conceal a
                record, document, or other object;

*Second:*       The defendant acted knowingly;

*Third*:        The defendant acted corruptly; and

*Fourth*:       The defendant acted with the intent to impair the object's integrity or
                availability for use in an official proceeding.

An act is done "corruptly" if the defendant acted knowingly and dishonestly with

the specific intent to subvert or undermine the due administration of justice.

---

Seventh Circuit Criminal Jury Instructions, 2012 Edition, Instruction for 18 U.S.C. §
1512(c)(1); Fifth Circuit Pattern Jury Instructions, Criminal Cases, 2015 Edition, No.
2.64, defining the term "corruptly."

<u>CERTIFICATE OF SERVICE</u>

On August 12, 2019, I electronically submitted the foregoing document with the clerk of court for the United States District Court, Northern District of Texas, using the court's electronic case filing system.    I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Rule 49 of the Federal Rules of Criminal Procedure.

<u>s/ Ann Howey                              </u>
ANN HOWEY
Assistant United States Attorney