IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Case No. 1:19-CR-00021-Y |
| TANYA MARIE REGAN (01) CHRISTOPHER JAMES REGAN (02), | ) ) ) | **FILED PARTIALLY UNDER SEAL** |
| Defendants. | ) ) ) | |

**UNITED STATES' RESPONSE TO CHRISTOPHER REGAN'S
MOTION TO SUPPRESS STATEMENTS OF CO-DEFENDANT**

The rule of *Bruton v. United States* is a narrow one that can be cured through judicious redaction and a limiting instruction. Christopher Regan, however, moves the Court to exclude all statements made by codefendant and coconspirator Tanya Regan, apparently regardless of whether those statements have been redacted or whether they were made to law enforcement. Dkt. No. 73 ("Motion" or "Mot.").

The Motion far exceeds what is required under *Bruton* or its progeny. At trial, the United States plans to introduce Tanya Regan's statements in redacted form to eliminate any incriminating references to Christopher Regan. This presentation of evidence will fully comply with *Bruton*. In addition, Tanya Regan's statements that were not made to law enforcement do not implicate *Bruton* at all. Finally, even if there were a *Bruton* issue, suppression is not an automatic remedy. The Motion should therefore be denied.[1]

**I.    Background**

Christopher and Tanya Regan came to law enforcement's attention in 2018. State law enforcement in Texas received a CyberTip report from the National Center for Missing and Exploited Children indicating that an individual had accessed a Google account and used it to store child pornography. The IP addresses used by this individual were assigned to the home of Christopher and Tanya Regan in Big Spring, Texas.

On November 9, 2018, Homeland Security Investigations ("HSI") and the Howard County Sheriff's Office executed a search warrant at the Regans' home and seized

---

[1] In accordance with Local Criminal Rule 55.3(a) and 18 U.S.C. § 3509(d)(2), the United States makes this filing partially under seal. All information that could be used to identify child victims in this case will be redacted in the public version of this document. Under 18 U.S.C. § 3509(d)(2), the United States will file an unredacted version with the clerk's office.

electronic devices.  During the execution of the search warrant, Tanya Regan—after receiving *Miranda* warnings and executing a written waiver—agreed to an interview with HSI Special Agent Marisol O'Leary.  During this interview, Tanya Regan confirmed certain details about herself and her email and social-media accounts.  She also explained that another person had sent her child pornography online, which she did not ask for.

  Tanya Regan eventually admitted to sexually abusing and producing child pornography of John Doe #2 ███████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████

  Both Christopher and Tanya Regan were arrested on federal warrants on February 13, 2019.  After her arrest, Tanya Regan again received *Miranda* warnings, again executed a written waiver, and again agreed to speak to law enforcement.  She at first denied that she admitted to sexually abusing John Doe #2 during her first interview.  Later, however, she reiterated a number of these admissions regarding John Doe #2, and she also admitted that she had sexually abused John Doe #1 ███████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████

---

[2] An informal transcript of the relevant exchange is included as an Appendix to this motion at pages 12-15, below.  Upon request, the United States will provide the Court with the full recordings of Tanya Regan's two interviews with law enforcement.

Christopher Regan now moves to exclude Tanya Regan's statements under *Bruton v. United States*, 391 U.S. 123 (1968). The exact scope of the Motion is not clear. He focuses many of his arguments on Tanya Regan's two interviews with law enforcement mentioned above, but later he asks for the Court to "exclude *all* statements of co-defendant Tanya Regan from evidence…" Mot. at 8 (emphasis added). The United States thus assumes that the Motion seeks exclusion of all Tanya Regan's statements, whether or not made to law enforcement on November 9, 2018 and February 13, 2019.

## II.    The Motion to Suppress Should Be Denied

"'Ordinarily, a witness whose testimony is introduced at a joint trial is not considered to be a witness "against" a defendant if the jury is instructed to consider that testimony only against a codefendant'; thus, the general rule is that when a codefendant's prior statement is admitted with an instruction that it be considered as evidence only against the codefendant, and not the other defendants, the other defendants have not suffered a violation of their Confrontation Clause rights." *United States v. Ramos-Cardenas*, 524 F.3d 600, 607 (5th Cir. 2008) (quoting *Richardson v. Marsh*, 481 U.S. 200, 206 (1987)). In *Bruton*, the Supreme Court found an exception to this rule, under which the testimonial confession of a nontestifying defendant that facially incriminates another defendant is inadmissible even with a limiting instruction. 391 U.S. at 135-37.

The *Bruton* exception is "narrow." *Richardson*, 481 U.S. at 207. Later cases clarified that such a confession would be admissible if it is redacted so as not to refer to the existence of any other defendant either facially or by obvious implication. *Richardson*, 481 U.S. at 211 (defendant's confession admissible when redacted to

3

eliminate any reference to existence of other defendant); *Gray v. Maryland*, 523 U.S. 185, 192-95 (1998) (defendant's confession that is redacted to simply replace co-defendant's name with "obvious blank" violates *Bruton*).

Indeed, "an indirect reference to a co-defendant is not enough to bring a statement within the proscription of *Bruton*." *United States v. Nanda*, 867 F.3d 522, 527 (5th Cir. 2017) (quoting *United States v. Restrepo*, 994 F.2d 173, 187 (5th Cir. 1993)). Accordingly, "*Bruton* is not violated unless the codefendant's statement *directly* alludes to the defendant." *Id.* (emphasis in original; punctuation and ellipsis removed).

As long as a confessing defendant's statement is "not incriminating [to another defendant] on its face," it does not violate *Bruton* even if the confession may become incriminating to a nonconfessing defendant "when linked with evidence introduced later at trial…" *Richardson*, 481 U.S. at 208; *see also United States v. Joyner*, 899 F.3d 1199, 1207 (11th Cir. 2018) (*Bruton* applies only when a co-defendant's statement is "clearly inculpatory standing alone" and does not apply when the confession is a "link in the chain of evidence" inculpating the defendant) (quoting *United States v. Arias*, 984 F.2d 1139, 1142 (11th Cir. 1993)).

### A. *Bruton* Poses No Bar to the Admission of Tanya Regan's Statements That Are Redacted to Omit Any Reference to Christopher Regan

At trial, the United States intends to present Tanya Regan's statements that she sexually abused John Doe #2; that she recorded the abuse on video; ███████ ███████████████████████████████████████████████████████ ███████████████████████████████████████ and that she also sexually

4

abused John Doe #1. The United States intends to remove any mention Tanya Regan made of Christopher Regan's involvement in the charged conduct. This would include statements (1) that Christopher Regan knew about the sexual abuse of John Doe #2 or the resulting child pornography on Tanya Regan's computer, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (4) that Christopher Regan instructed Tanya Regan not to tell law enforcement about the incident, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and (6) any statement in which Tanya Regan uses the word "we" to refer to herself and Christopher Regan. Consistent with the Supreme Court's holding in *Richardson*, the United States does not intend to replace references to Christopher Regan with an "obvious blank" or other placeholder. Instead, it intends to excise references to Christopher Regan from the statements altogether. And it does not object to a limiting instruction that the jury should consider Tanya Regan's statements only against herself.

This presentation of evidence will comply with *Bruton* because, as noted above, a defendant's confession that does not mention a co-defendant does not violate *Bruton*.[3] *See Richardson*, 481 U.S. at 211; *Nanda*, 867 F.3d at 527; *United States v. Hitt*, 473 F.3d 146, 160 (5th Cir. 2006) ("And, as Causey's brief tacitly admits, Gammill's testimony, by itself, was not a *Bruton* violation since it in no way mentioned Causey.").

---

[3] Although the United States commits to presenting Tanya Regan's statements to the jury in the manner described above, it has not yet finalized which portions of Tanya Regan's interviews it will seek to introduce at trial. Should the Court wish, the United States will expedite this decision and submit for the Court's review the portions of the interviews it intends to introduce.

### B. Tanya Regan's Statements from Her Interviews, After Redaction, Will Not Violate *Bruton*

The redacted versions of Tanya Regan's statements will not refer to Christopher Regan directly or by necessary inference and thus may be admitted in compliance with *Bruton*. ███████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████ Mot. at 6-8. He cites no case law for this argument and it fails for a number of reasons.

First, it is flatly inconsistent with the established rule that *Bruton* is not violated unless a codefendant's statement refers *directly* to the complaining defendant. *See, e.g., Nanda*, 867 F.3d at 527-28 (introduction of co-defendant's incriminating statements did not violate *Bruton* because they did not "directly allude" to complaining defendant); *Hitt*, 473 F.3d at 160-61 (similar). Tanya Regan's statements, after being redacted, will not directly refer to Christopher Regan. ██████████████████████████
████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████



Finally, portions of Christopher Regan's argument appear to concede that Tanya Regan's statements do not violate *Bruton*. He asserts outright that her statements

7

"implicate[] Chris Regan because he is subjected to all of Tanya's actions if the Government can prove the existence of an agreement." Mot. at 7. "If" is the key word. *If* the United States can present evidence proving the conspiracy alleged in Count One— which it can and will—Tanya Regan's confession may, in the light of that evidence, implicate Christopher Regan. But, as noted above, *Bruton* does not bar introduction of a codefendant's confession that is "not incriminating [to the complaining defendant] on its face, and bec[omes] so only when linked with evidence introduced later at trial." *Ramos-Cardenas*, 524 F.3d at 607 (quoting *Richardson*, 481 U.S. at 208).

### C. *Bruton* Does Not Apply to Nontestimonial Statements

To the extent that Christopher Regan seeks exclusion of statements other than those that Tanya Regan made to law enforcement on November 9, 2018 and February 13, 2019, his efforts must fail. This is because *Bruton* applies only to statements that are testimonial in the sense contemplated by *Crawford v. Washington*—*i.e.,* pretrial statements "that declarants would reasonably expect to be used prosecutorially" or "that were made under such circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." 541 U.S. 36, 51-52 (2004) (quoting parties' briefs).

In *United States v. Vasquez,* the Fifth Circuit rejected a defendant's argument that *Bruton* bars a nontestimonial confession made by a codefendant that incriminated both the declarant codefendant and the objecting defendant. 766 F.3d 373, 378-79 (5th Cir. 2014). In so holding, it cited opinions from eight other circuit courts that "have also limited *Bruton* to testimonial statements only." *Id.* at 378-79 & nn.9-14 (citing, among

8

other cases, *United States v. Dargan*, 738 F.3d 643, 651 (4th Cir. 2013) ("*Bruton* is simply irrelevant in the context of nontestimonial statements.")).

Tanya Regan's statements in the two interviews described above are testimonial; her other statements that the United States seeks to introduce during trial are not. These include informal statements she made, for example, in emails and online chats with Christopher Regan ▆▆▆▆▆▆▆▆▆▆. These statements were not made with any expectation that they would be used in a later criminal proceeding and, as such, *Bruton* does not bar their admission. *Vasquez*, 766 F.3d at 378-79 & nn.9-14. To the extent that Christopher Regan's Motion argues otherwise, it should be denied.

### D. Even if Christopher Regan Were Able to Identify a *Bruton* Problem, Suppression is Not the Only Remedy

Christopher Regan styles his Motion as a "Motion to Suppress," but suppression is not an automatic remedy for a *Bruton* violation. Should the Court have serious concerns about *Bruton*, the United States respectfully requests that the Court give it an opportunity to seek other remedies such as dual juries or severance. *See, e.g., United States v. Godwin*, 765 F.3d 1306, 1313 (11th Cir. 2014) (district court empaneled two juries, one for each defendant, to conserve judicial resources while avoiding *Bruton* issues); *United States v. Carter*, 695 F.3d 690, 694 (7th Cir. 2012) (same).

### E. All of Christopher Regan's *Bruton* Concerns Will Be Moot if Tanya Regan Testifies at Trial

Although it is not a separate basis for denying the Motion, it bears mentioning that all of Christopher Regan's *Bruton* concerns may well be mooted at trial. The *Bruton* rule applies only to statements by a *non-testifying* co-defendant. If the co-defendant in

9

question testifies at trial, the defendant may confront and cross-examine her about the statements at issue. Under those circumstances the Confrontation Clause is not offended and the rule of *Bruton* does not apply. *See, e.g., Nelson v. O'Neil*, 402 U.S. 622, 629-30 (1971); *see also Crawford*, 541 U.S. at 59 n.9 ("[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements.").

The information available to the United States suggests that Tanya Regan fully intends to waive her Fifth Amendment rights and testify on Christopher Regan's behalf at trial. The United States has obtained numerous letters between Christopher and Tanya Regan after they were incarcerated. These letters make clear that, at trial, Tanya Regan hopes to take responsibility for the charged conduct in an effort to protect Christopher Regan. For example, in a letter to Christopher Regan on approximately July 18, 2019, she says, "just know that I will testify on your behalf! I want to do it so that the world knows the truth! … And don[']t worry I will stand up and tell the truth on your behalf! I promise! I am sorry that no one believes you! I will try and stay calm but I am royally F'd! Just know that I love you but I will be going away for life!"

### III. Conclusion

For these reasons, Christopher Regan's Motion to Exclude Statements of Co-Defendant should be denied.

Respectfully submitted,


STEVEN J. GROCKI
Chief, Child Exploitation and Obscenity Section
U.S. Department of Justice, Criminal Division

\_\_/s/_____
KYLE P. REYNOLDS
Trial Attorney
New York State Bar No. 4703856
(Admitted to Practice under L. Cr. R. 57.11)
1400 New York Avenue, NW
Washington, DC 20530
Tel: 202-616-2842
Fax: 202-514-1793
kyle.reynolds@usdoj.gov


RUSSELL H. LORFING
ANN HOWEY
Assistant United States Attorneys
U.S. Attorney's Office, Northern District of Texas
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401

11

## **APPENDIX**
### *Partial Transcript of Tanya Regan's November 9, 2018 Interview With HSI Special Agent Marisol O'Leary*

*Tanya Regan:*      *There is something on my computer, and my husband said not to say anything about it, but there is something on my computer, but I've never shared it with anybody, ever.*

*SA O'Leary:*      *What is it?*

*Tanya Regan:*      *But I'm scared I'm going to get in trouble for it.*

*SA O'Leary:*      *So on the Toshiba that was broken, the black one or the grey one?*

*Tanya Regan:*      *The black one. [Begins crying.]*

*SA O'Leary:*      *Okay, it's okay. It's okay. I mean that's why we're here talking because you know that I'm going to go through—there's a paper towel behind you if you need it, okay? What happened?*





*SA O'Leary:*      *Okay.*

*Tanya Regan:*      *I don't care if y'all delete it. I don't care if you get rid of it. Just don't—I don't want to get in trouble for it.*

*SA O'Leary:*      *Okay. It's okay, take a deep breath.*

12





...



## **CERTIFICATE OF SERVICE**

On August 12, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Criminal Procedure 49.

    /s/
KYLE P. REYNOLDS
Trial Attorney
U.S. Department of Justice, Criminal Division