IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TANYA MARIE REGAN (1)<br>CHRISTOPHER JAMES REGAN (2) | No. 1:19-CR-021-Y<br>**FILED PARTIALLY UNDER SEAL** |

# UNITED STATES' RESPONSE TO CHRISTOPHER REGAN'S CONSOLIDATED MOTION IN LIMINE

Christopher Regan moves the Court for a pretrial ruling requiring the government to approach the bench and to have a hearing outside the presence of the jury at nearly every juncture of trial. Specifically, Christopher Regan asks the Court to unnecessarily impose restrictions in how the government presents seven general types of evidence.[1] In so doing, he does not specify the precise evidence of which he urges caution nor does he provide the Court with any clear guidance that would support his suggested course of action. The government further defers to the court on whether the government should approach the bench prior to seeking admission of various evidence. Because the evidence the government seeks to admit is either admissible or moot, the defendant's consolidated motion in limine should be denied.[2]

---

1 Christopher Regan asks the court to limit the government's presentation of evidence relating to: (1) 404(b) evidence and extraneous offenses, (2) prior convictions; (3) Evidence sought to be admitted under 413 and 414 of the Federal Rules of Evidence; (4) Bestiality; (5) Evidence regarding a polygraph examination; (6) Unsupported legal theories; and (7) evidence obtained from a third party

2 In accordance with Local Criminal Rule 55.3(a) and 18 U.S.C. § 3509(d)(2), the United States makes this filing partially under seal. All information that could be used to identify child victims in this case will be redacted in the public version of this document. Under 18 U.S.C. § 3509(d)(2), the United States will file an unredacted version of **Tanya Regan,** *et al***.**

**Government's Response to Defendant's Consolidated Motion in Limine- Page 1**

### I. Introduction of Prior Bad Acts and Extraneous Offenses

    a. Notice

Defendant Christopher Regan requests the government provide reasonable notice of its intention to introduce evidence of past crimes, wrongs, or other acts by the Defendant.

"At the defendant's request, the prosecutor must provide reasonable notice of the general nature of [prior bad acts] that the prosecutor intends to offer at trial; and …do so before trial…or during trial if the court, for good cause, excuses lack of pretrial notice. Fed.R.Evid. 404(b)(2)(A)-(B). The Government is aware of its obligation to provide reasonable notice regarding its intention to introduce evidence of prior bad acts. Indeed, the United States provided formal notice of its intention to introduce such evidence on July 29, 2019. *See* Doc. 77. Should the government learn of additional prior bad acts that it intends to introduce at trial, it will provide notice in accordance with Federal Rule of Evidence 404(b).

    b. Admissibility of 404(b) evidence

The Defendant requests a pretrial ruling barring the government from alluding to "any extraneous offenses by Defendant in this cause in the presence of the jury." *See* Motion at ECF 70. In support, he alleges that the government must first establish a proper predicate prior to seeking admission of evidence involving extraneous offenses. *Id*. To Christopher Regan, the proper predicate includes the government proving the

---

this document with the clerk's office.
**Tanya Regan,** *et al*.
**Government's Response to Defendant's Consolidated Motion in Limine- Page 2**

extraneous offense beyond a reasonable doubt, ensuring the conduct in question is not too remote, and whether the conduct is offered to prove a disputed issue or clarify an ambiguous act of Defendant. *Id.*  Though defendant provides no authority to support his position, he nonetheless asks this court to set a high bar for admissibility.  The law, however, requires less.

By its terms, Rule 404(b) contains two requirements for admissibility in a criminal case: (1) the prosecutor must have provided sufficient and timely notice of its intent to use the evidence, and (2) the evidence must be admissible for a purpose other than showing the defendant's character. *United States v. Crawford*, 2019 WL 2077035, *2 (N.D. Miss. May 10, 2019); *See also United States v. Crawley*, 533 F.3d 349, 354 (5th Cir. 2008) (quoting *United States v. Sanders*, 343 F.3d 511, 518 (5th Cir. 2003)).  Once a court determines that evidence is admissible under Rule 404(b), "the only remaining question is …whether the probative value of the uncharged ...evidence is substantially outweighed by its undue prejudice under Rule 403." *United States v. Smith*, 804 F.3d 724, 736. (5th Cir. 2015).

The Defendant further requests a hearing outside the presence of the jury to determine the admissibility of 404(b) evidence.  Although some Rule 404(b) evidence may necessitate a brief hearing outside the presence of a jury, the government defers to the Court in whether such hearing is necessary on every occasion, or whether the Court can assess the admissibility of 404(b) evidence through proof offered and testimony taken during the trial itself.

**Tanya Regan, *et al*.**
**Government's Response to Defendant's Consolidated Motion in Limine- Page 3**

## II.     Prior Convictions

The Defendant requests a pretrial ruling requiring a hearing outside the presence of the jury prior to the government alluding to any prior convictions by the defendant. The government is aware of Federal Rule of Evidence 609 and the restrictions the rule imposes on admission of prior convictions.

At this time, the government does not intend to introduce evidence of Chris Regan's prior convictions.  As such, the government believes this issue is moot.  Should the need arise, the government is not opposed to approaching the bench or having a hearing outside the presence of the jury to address the admissibility of defendant's prior convictions.

## III.    Similar Crimes in Child Molestation Cases

The Defendant requests the Court require the government to approach the bench and have a hearing outside of the presence of the jury prior to admitting evidence of prior acts of child abuse.   He further alleges that evidence of similar crimes against children "would be highly prejudicial to the Defendant" and "is not relevant to this prosecution" because it "leans on propensity theories in violation of 413(b) and 414(b) of the Federal Rules of Evidence.  *See* Motion at ECF 70.   Defendant also notes that evidence of similar crimes against children "cannot stand the test of 403 because references to such information would create confusion, be a waste of time, and would mislead the jury." *Id.*

The admissibility of 414 evidence was addressed at length in the Government's

Motion in Limine. *See* Motion at ECF 77.   In short, Rule 414(a) allows the admission of other child-molestation evidence and permits it to be "considered on any matter to which it is relevant."   Fed. R. Evid. 414(a).   At trial, the government intends to introduce evidence that Christopher and Tanya Regan raped multiple children and may rely on 414 to admit certain evidence.   Such evidence is relevant in a case like this one because it demonstrates the defendants' sexual interest in children or in child pornography.

Such evidence would neither be a waste of time nor would it mislead the jury, as defendant contends.   Rather, evidence of other child-molestation evidence underscores the defendants' propensity to act in conformity therewith, thus providing powerful, yet fair, evidence for the jury to consider.

### IV.   Bestiality

The Defendant challenges the relevance and probative value of allegations concerning the Defendant engaging in bestiality.   The government does not intend to introduce evidence of bestiality.   The government therefore agrees at this time, that evidence of defendant engaging in bestiality is irrelevant to the charged offenses.   As such, the government believes this issue is moot.   Should the government's position change, it agrees to approach the bench and address the issue outside the presence of the jury.

### V.   Polygraph Examination

Both Christopher and Tanya Regan voluntarily submitted to—and failed—a polygraph examination.   The Government agrees not to allude to or reference the results

of the polygraph examination or that the defendants submitted to a polygraph examination. To be clear, the government intends to introduce a recorded interview of the defendants immediately prior or subsequent to the actual polygraph examination. The recording will not divulge or reference the polygraph and no testimony will be elicited that would disclose that the defendants' submitted to a polygraph examination. As such, the government believes this issue is moot.

### VI. Unsupported Legal Theories

The Defendant asks for a pretrial ruling requiring the government to approach the bench with regards to "hearsay statements the government plans to offer focused on unsupported legal theories…" *See* Motion at ECF 70. For context, the defendant notes that an example of an unsupported legal theory includes, but is not limited to Christopher Regan serving as the mastermind behind the conduct identified in the Superseding Indictment. *Id*.

Though it is unclear from the motion, it appears the defendant is referring to the anticipated testimony of John Doe # 1. Undersigned counsel disclosed to opposing counsel in pretrial discussions that John Doe # 1 was expected to testify that Christopher Regan was the "mastermind" behind the sexual abuse and production of child pornography identified in the Superseding Indictment.

First, John Doe # 1's opinion that Christopher Regan orchestrated and directed the sexual abuse identified throughout the Superseding Indictment is not hearsay. Second, John Doe's opinion testimony is rationally based on the witness's perception and helpful

**Tanya Regan,** *et al*.
**Government's Response to Defendant's Consolidated Motion in Limine- Page 6**

in determining a fact in issue.  Fed. R. Evid. 701.  ███████████████████████████████████████████████████████████████████████  Third, an opinion is not objectionable just because it embraces an ultimate issue.  Fed. R. Evid. 704.  Finally, the notion that Christopher Regan was the "mastermind" behind the abuse is not an "unsupported legal theor[y]."  In addition to the testimony of John Doe # 1, the government intends to introduce abundant evidence supporting the theory that Christopher Regan not only directly participated in the sexual abuse of children, but instructed and encouraged his wife to do the same.

The government defers to the Court in whether a hearing outside the presence of the jury is necessary and appropriate before eliciting opinion testimony.

### VII.  Search by a Private Party

The defendant asks for a pretrial ruling requiring the government to approach the bench with regards to evidence obtained from a third party.  *See* Motion at ECF 70.

In or around November 2018, Christopher Regan's former coworker surreptitiously logged into Regan's work email account.  The coworker did not have Regan's permission to log into his account on the date in question.  When the former coworker logged into Regan's account, she clicked on a link from Tumblr, which allowed her to see a live chat between Tanya Regan and a user with the name "differentdocforyou."  The coworker took screenshots of the conversation in real time and provided those conversations to law enforcement shortly thereafter.  The government intends to introduce these screenshots through the former coworker, who is

expected to testify at trial.

First, the defendant has not moved to suppress the screenshots or evidence obtained from the former coworker. Second, the intrusion of Christopher Regan's inbox, and subsequent search, was conducted by a private party who was acting on her own volition and not at the behest of any governmental entity. It is well settled that the protection provided by the Fourth Amendment proscribes only governmental action, and that private party searches of property, even if wrongfully conducted, do not raise Fourth Amendment implications. *United States v. Paige*, 136 F.3d 1012, 1017-18 (5th Cir. 1998). Third, upon receiving the information from the private party, the government obtained a search warrant requiring Tumblr to provide the same records.

The government defers to the Court in whether a hearing outside the presence of the jury is necessary and appropriate before introducing the evidence obtained initially by a private party and ultimately obtained through legal process.

VIII. Conclusion

For the reasons stated herein, Christopher Regan's Consolidated Motion in Limine should be denied.

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY


\_/s Russell H. Lorfing_____
RUSSELL H. LORFING
ANN HOWEY
Assistant United States Attorneys
Texas State Bar No. 24070173
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:   806-472-7565
Facsimile:    806-472-7394
E-mail:         Russell.lorfing@usdoj.gov



KYLE P. REYNOLDS
Trial Attorney
New York State Bar No. 4703856
(Admitted to Practice under L. Cr. R. 57.11)
1400 New York Avenue, NW
Washington, DC 20530
Tel: 202-616-2842
Fax: 202-514-1793
kyle.reynolds@usdoj.gov

CERTIFICATE OF SERVICE

On August 12, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Criminal Procedure 49.

        s/ Russell H. Lorfing
        RUSSELL H. LORFING
        Assistant United States Attorney