# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Abilene Division

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | Case Number: 1:19-CR-00021-P-BU(02) |
| | U.S. Marshal's No.: 28400-078 |
| CHRISTOPHER JAMES REGAN | Kyle Reynolds, Assistant U.S. Attorney |
| | Jacob Blizzard, Attorney for the Defendant |

On October 11, 2019 the defendant, CHRISTOPHER JAMES REGAN, entered a plea of guilty as to Counts 1, 2, and 3 of the Superseding Indictment filed on June 12, 2019. Accordingly, the defendant is adjudged guilty of such Counts, which involves the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2251(a) and 2251(e) | Conspiracy to Produce Child Pornography | 2/13/2019 | 1s |
| 18 U.S.C. §§ 2251(a) and 2251(e) | Production of Child Pornography | 11/9/2018 | 2s |
| 18 U.S.C. §§ 2251(a) and 2251(e) | Production of Child Pornography | 11/9/2018 | 3s |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 per Counts 1, 2, and 3 for a total of $300.00 of the Superseding Indictment filed on June 12, 2019.

Upon motion of the government, all remaining counts are dismissed, as to this defendant only.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed February 20, 2020.

_____
MARK T. PITTMAN
U.S. DISTRICT JUDGE

Signed February 24, 2020.

## IMPRISONMENT

The defendant, CHRISTOPHER JAMES REGAN, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of **Three Hundred Sixty (360) months** as to Count One; **Three Hundred Sixty (360) months** as to Count Two; **Three Hundred Sixty (360) months** as to Count Three with each sentence to run consecutively to the others for a total of **One Thousand Eighty (1080) months** of the Superseding Indictment filed on June 12, 2019. This sentence shall run consecutively to any future sentence which may be imposed in Case No. B-17-0679-SB in the 119th District Court, Tom Green County, Texas, which is unrelated to the instant offense.

The Court recommends to the Bureau of Prisons that the defendant be allowed to participate in the Inmate Financial Responsibility Program.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **Life** as to Count One; **Life** as to Count Two; **Life** as to Count Three with each term imposed to run concurrently with the others of the Superseding Indictment filed on June 12, 2019.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

( 1)   not leave the judicial district without the permission of the Court or probation officer;
( 2)   report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3)   answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4)   support the defendant's dependents and meet other family responsibilities;
( 5)   work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6)   notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7)   refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8)   not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9)   not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10)   permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11)   notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12)   not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and,
(13)   notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm

the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon; cooperate

in the collection of DNA as directed by the U.S. probation officer;

report in person to the U.S. Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the Federal Bureau of Prisons;

take notice that the mandatory drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse;

comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense;

pay any remaining balance of the Justice for Victims Trafficking Act assessment in the amount of $15,000 ($5,000 in each count of conviction), as set out in this Judgment;

have no contact with the victim(s), including correspondence, telephone contact, or communication through third parties except under circumstances approved in advance by the probation officer and not enter onto the premises, travel past, or loiter near the victims' residences, places of employment, or other places frequented by the victims;

have no contact with minors under the age of 18, including by correspondence, telephone, internet, electronic communication, or communication through third parties. The defendant shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children may frequently congregate, except as may be allowed upon advance approval by the probation officer;

submit to periodic, unannounced examinations of his computer/computers, storage media, and/or other electronic or Internet-capable devices, performed by the probation officer at reasonable times and in a reasonable manner based on reasonable suspicion of contraband evidence of a violation of supervision. This may include the retrieval and copying of any prohibited data and/or the removal of such system for

the purpose of conducting a more thorough inspection. The defendant shall provide written authorization for release of information from the defendant's Internet service provider;

take notice that without prior approval of the probation officer, the defendant shall not maintain or create a user account on any social networking site (i.e., MySpace.com, Facebook.com, Adultfriendfinder.com, etc.) that allows access to persons under the age of 18, or allows for the exchange of sexually-explicit material, chat conversations, or instant messaging. The defendant shall neither view nor access any web profile of users under the age of 18;

not access any Internet Service Provider account or other online service using someone else's account, name designation, or an alias, and shall not use or own any device that allows Internet access, other than as authorized by the probation officer. This includes, but is not limited to, PDA's, electronic games, and cellular/digital telephones;

not access any service or use any software that allows for direct peer to peer contact, that may include chat rooms, file sharing or file transfer protocol activity, or other similar activity, without permission from the probation officer;

participate in sex-offender treatment services as directed by the probation officer until successfully discharged, which services may include psycho-physiological testing to monitor the defendant's compliance, treatment progress, and risk to the community, contributing to the costs of services rendered (copayment) at the rate of at least $25 per month;

provide to the probation officer any requested financial information; and,

refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the probation officer makes a determination that the defendant is in compliance with the payment schedule.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Although restitution is mandatory, it is not ordered because there was no restitution sought by the identified victims of the offenses.

## JUSTICE FOR VICTIMS TRAFFICKING ASSESSMENT

The defendant shall pay an assessment pursuant to 18 U.S.C. § 3014 to the United States in the amount of $5,000 in each count of conviction ($15,000 total), payable to the U.S. District Clerk, P.O. Box 1218, Abilene, Texas 79604. If upon commencement of the term of supervised release any part of the assessment imposed pursuant to 18 U.S.C. § 3014 remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $150 per month until the fine is paid in full.

Judgment in a Criminal Case Page **5** of **6**
Defendant: CHRISTOPHER JAMES REGAN
Case Number:  1:19-CR-00021-P-BU(2)

No assessment shall be payable during incarceration from funds deposited into the defendant's inmate trust account or paid to the defendant for work performed during incarceration.

**FORFEITURE**

Pursuant to 18 U.S.C. §982(a)(1) and 28 U.S.C. § 2461(c), it is hereby ordered that the defendant's interest in the following property is condemned and forfeited to the United States:

- Moto cellular telephone, Serial No. ZY2257JXTN;
- LG cellular telephone, Serial No. 810CYQX0417260;
- Silver and black Toshiba laptop, Serial No. 5E078456S
- Dell laptop, Serial No. 6C4BBL2;
- Dell laptop, Serial No. CJSPPQ2;
- HP laptop, Serial No. 5CD5386N6B;
- Samsung tablet, IMEI No. 352087093301183;
- Transcend micro SD card, 32 gigabytes;
- Samsung Note 9 cellular telephone, IMEI No. 356569090673413;
- Samsung Note 8 cellular telephone, IMEI No. 351823090767229;
- Samsung cellular telephone, IMEI No. 353425083599789;
- Purple HP laptop, Serial No. unknown;
- Blue HP laptop, Serial No. 5CD5462148;
- Four miscellaneous flash drives including San Disk, Ryder, and Lexar brands;
- 11 miscellaneous San Disk memory cards;
- Five Brady thumb drives;
- Pink Chrome tablet, 4 gigabyte, Serial No. RK2928sdk;
- iPad, Serial No. F9FNX04MFPFL;
- iPad, Serial No. F9FP60W4FPFL;
- Samsung tablet, Serial No. R52GCOJY6RW;
- Samsung tablet, Serial No. unknown;
- Silver Samsung Galaxy S4, Serial No. unknown;
- Samsung Galaxy Prevail, Serial No. unknown;
- Alcatel cellular telephone, Serial No. unknown;
- Motorola cellular telephone, Serial No. unknown;
- 8-millimeter videotapes; and
- Miscellaneous DVDs and CDs containing child pornography

**RETURN**

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal