```
 1                    UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF TEXAS
 2                           TYLER DIVISION

 3    UNITED STATES OF AMERICA        )
                                      )
 4    VS.                             )   CAUSE NO. 6:19-MJ-022-JDL-1
                                      )
 5    CHRISTOPHER JAMES REGAN         )

 6

 7        --------------------------------------------------------

 8                         INITIAL APPEARANCE
                   BEFORE THE HONORABLE JOHN D. LOVE,
 9                   UNITED STATES MAGISTRATE JUDGE

10                    THURSDAY, FEBRUARY 14, 2019
                              TYLER, TEXAS
11
          --------------------------------------------------------
12

13
                          A P P E A R A N C E S
14
      FOR THE GOVERNMENT:
15    UNITED STATES ATTORNEY'S OFFICE
      110 N COLLEGE, SUITE 700
16    TYLER, TEXAS 75702
      BY:  COLLEEN E. BLOSS
17

18    FOR THE DEFENDANT:
      FEDERAL PUBLIC DEFENDER'S OFFICE
19    110 N COLLEGE, SUITE 1122
      TYLER, TEXAS 75702
20    BY:  MATTHEW WILLIAM MILLSLAGLE

21

22

23

24    PROCEEDINGS RECORDED BY DIGITAL SOUND RECORDING; TRANSCRIBED
      BY MECHELLE DANIEL, FEDERAL OFFICIAL COURT REPORTER, 1205 TEXAS
25    AVENUE, LUBBOCK, TEXAS 79401, (806) 744-7667.
```

```
 1                     P R O C E E D I N G S
 2            THE COURT:  Please be seated.
 3            Ms. Baum, you may call the case.
 4            COURT CLERK:  The Court calls Case 6:19-MJ-022,
 5   United States of America vs. Christopher James Regan.
 6            THE COURT:  First of all, announcement from the
 7   government, please.
 8            MS. BLOSS:  Colleen Bloss for the United States.
 9            THE COURT:  All right, Ms. Bloss.  If you would
10   advise me of when the defendant, Mr. Regan, came into custody
11   on this complaint.
12            MS. BLOSS:  Yesterday, February 13th.
13            THE COURT:  All right.  Thank you.
14            All right, Mr. Regan.  I'm Judge Love.  Let me
15   first of all ask you a couple of questions.  Any medications,
16   alcoholic beverages, anything like that you've ingested today?
17            THE DEFENDANT:  No, sir.
18            THE COURT:  So far, do you feel like you're
19   understanding what's going on?
20            THE DEFENDANT:  Yes, sir.
21            THE COURT:  All right.  If you feel like you need
22   further explanation about anything, you can let me know--
23            THE DEFENDANT:  Yes, sir.
24            THE COURT:  --ask me a question.
25            I can also let you privately consult with
```

```
 1   Mr. Millslagle standing there with you at the podium.  Okay?
 2          THE DEFENDANT:  Yes, sir.
 3          THE COURT:  All right.  Next, I'm going to place
 4   you under oath so I can ask you some further questions about
 5   this complaint.  So if you'd raise your right hand, Ms. Baum
 6   will swear you in.
 7       (THE DEFENDANT IS SWORN BY THE COURT CLERK)
 8          THE COURT:  All right, Mr. Regan.  This proceeding
 9   is an initial appearance pursuant to Rule 5(c) of the Federal
10   Rules of Criminal Procedure.  Now, you have been charged in a
11   complaint with violating a criminal law, and this complaint
12   originates out of the Northern District of Texas.  Do you have
13   a copy of that complaint?
14          THE DEFENDANT:  Yes, sir.  Yes, sir.
15          THE COURT:  All right.  The purpose of the hearing
16   here in the Eastern District of Texas is to make sure you know
17   and understand what you're charged with, to advise you of your
18   rights, to establish you are the person named in this
19   complaint, and to consider the matter of detention.
20          Now, at this point, I'm going to ask Ms. Bloss if
21   she will advise the defendant of what he's charged with in this
22   complaint, and the penalty range if you have it.
23          MS. BLOSS:  Mr. Regan is charged with a violation
24   of 18, U.S.C., Section 2252(a)(2) for the receipt and
25   distribution of child pornography.  That carries a penalty of
```

1  imprisonment for not less than 5 years and not more than
2  20 years.  But if the defendant has a prior conviction or if
3  the victim was a ward, then the imprisonment shall be for not
4  less than 15 years, not more than 40 years;
5           A fine of 250,000;
6           And a term of supervised release of not less than
7  5 years, in addition to a special assessment of $100.
8           THE COURT:  All right.  Thank you.
9           Now, Mr. Regan, in addition to what Ms. Bloss just
10 read to you, I can also have her read this complaint to you, or
11 you may waive the reading of it if you don't need it read.
12          THE DEFENDANT:  I will waive it, sir.  I have it
13 here in front of me.
14          THE COURT:  All right.  Now, Mr. Regan, as to your
15 rights with regard to the charge in this complaint, you do have
16 the right to remain silent.  However, anything you say about
17 the charge in the complaint can be used against you in a court
18 of law.
19          Do you understand your right to remain silent?
20          THE DEFENDANT:  Yes, sir.
21          THE COURT:  You are also entitled to an attorney of
22 your choice to represent you.  Now, as far as the proceeding
23 we're having here in the Eastern District of Texas, would you
24 like to see if you qualify for the Court to appoint you an
25 attorney to assist you here?

1    THE DEFENDANT:  Yes.
2    THE COURT:  All right.  What I need to know from
3 you then, a little bit of information about your financial
4 situation.  So if you could tell me first whether you're
5 presently employed.
6    THE DEFENDANT:  So I am.  You want me to go into
7 detail, sir, about how much and all that stuff?
8    THE COURT:  Right.  I just--  First of all, what do
9 you do?
10   THE DEFENDANT:  So I manage a third-party logistics
11 company, work from home.  Pay is kind of all over the place,
12 depending on how much freight that there--moved.  And I have a
13 ton of--in regards to this, I also have a divorce attorney and
14 some other things that I've been working on other--so I'm--
15 I'm--I--I don't.  I don't have any money left in my savings.  I
16 think, between my cash on hand and what's in a bank account,
17 there's about four-hundred-and-some-odd dollars left.
18   THE COURT:  All right.  Well, just to kind of
19 finish off the questions I need to ask you about this--
20   THE DEFENDANT:  Yes, sir.
21   THE COURT:  --as far as, do you own a home?
22   THE DEFENDANT:  The home I live in is owned by my
23 mother, sir.
24   THE COURT:  Okay. What about vehicles?  Do you
25 have--

1       THE DEFENDANT:  I have two, sir.
2       THE COURT:  Okay.  And can you give me an idea of
3  how much you think those vehicles are worth?
4       THE DEFENDANT:  Well, both of them are still
5  financed.  Payoff on both is around 5,000 each.  One is
6  somewhere in the neighborhood of about sixty-two,
7  sixty-five-hundred that it's worth.  The other one is slightly
8  more.  It's in the $7,000 range, depending on who the buyer may
9  or may not be.
10      THE COURT:  Okay.  And any other property of value
11 that you own?
12      THE DEFENDANT:  Negative, sir.
13      THE COURT:  All right.  I'm going to find you do
14 qualify.  I'm going to appoint Mr. Millslagle, who, as I have
15 mentioned, is here today standing by for appointment.  So he
16 will be your attorney in this district to assist you as far as
17 the proceedings here in the Eastern District.  Okay?
18      THE DEFENDANT:  Yes, sir.
19      THE COURT:  All right.  Now, Mr. Millslagle, with
20 you appointed, let me ask a couple of questions.  First of all,
21 is there any desire on behalf of Mr. Regan to have an identity
22 hearing as far as the name of the person in this complaint, or
23 does he wish to admit his identity and waive such a hearing?
24      MR. MILLSLAGLE:  No, Your Honor.  The defendant
25 would like to admit his identity as to the complaint and waive

1  the hearing on identity.
2           THE COURT:  All right.  Now, of course--you know,
3  I realize that the likelihood of this is slim, but I do want to
4  mention the Rule 20 transfer possibility.  I realize we're just
5  at the complaint stage, but I do want to mention that.
6  Mr. Millslagle, any desire with regard to, at this point,
7  pursuing--it obviously requires various things to be ironed out
8  for such a Rule 20 transfer to happen, but any desire on behalf
9  of your client to pursue that?
10          MR. MILLSLAGLE:  No, Your Honor.  I spoke to him
11 about that, and we're going to let that go as well.
12          THE COURT: All right. Now--  All right.  My next
13 question I want to ask is for Ms. Bloss.  Ms. Bloss, motion for
14 detention from the government?
15          MS. BLOSS:  Yes.
16          THE COURT:  All right.  Mr. Millslagle, as far as
17 that motion for detention, how would your client like to
18 proceed?
19          MR. MILLSLAGLE:  Judge, my client would like to
20 waive detention in the Eastern District and reserve the right
21 to have a detention hearing later on in the Northern District.
22          THE COURT:  All right.
23          All right.  Well, Mr. Regan, I'm going to hand you
24 a form to look at then with Mr. Millslagle.  And this form, as
25 you'll see, states that you're acknowledging that: I've been

1  charged in the Northern District.  Here in this district, I
2  have advised you of your right to counsel, which I've appointed
3  Mr. Millslagle.  You've been informed of the charges.  We
4  discussed identity hearing.  You have a copy of the complaint.
5  I've advised you you may have a hearing on the motion for
6  detention here, but if you want to waive it, as Mr. Millslagle
7  said, you can reserve your right to request such a hearing in
8  the Northern District.  And I've also discussed the possibility
9  of Rule transfer--or transfer proceedings under Rule 20.
10          Now, the bottom part of the form indicates that
11 you're agreeing to waive certain rights.  I think you want to
12 check the last box, because it says that you're waiving an
13 identity hearing and any preliminary or detention hearing to
14 which I may be entitled in this district, but request those
15 hearings be held in the prosecuting district at a time set by
16 that court.
17          Now, I will--since we're here on a complaint,
18 Mr. Millslagle, as far as preliminary hearing as well, would
19 that be the defendant's wishes?
20          MR. MILLSLAGLE:  Judge, we will waive preliminary
21 as well.
22          THE COURT:  All right.
23          All right.  So, Mr. Regan, I'm going to hand you
24 this form to look at with Mr. Millslagle, and as I say, I want
25 you to take a look at it.  I think you want to check this last

1  box, but you look over it with your attorney and check that if
2  that is what you want to do.
3      (PAUSE)
4      THE COURT:  All right.  Thank you.  Let the record
5  reflect that the defendant and his attorney have signed the
6  waiver of Rule 5 and 5.1 hearings, checking a box indicating
7  desire to waive hearings in this district but requesting those
8  be held in the prosecuting district.
9      I will, therefore, sign an order, based upon the
10 government's motion for detention, detaining the defendant and
11 ordering the marshals to transport the defendant to the
12 Northern District to address the charge in the complaint.  At
13 that time, of course, the defendant may request counsel be
14 appointed, as he's done here, and that--any hearings he and his
15 counsel feel are proper in that district, both preliminary and
16 detention.
17     All right.  Anything further on this matter from
18 the government at this time?
19     MS. BLOSS:  No, Your Honor.
20     THE COURT:  Anything further from the defendant?
21     MR. MILLSLAGLE:  No, Your Honor, thank you.
22     THE COURT:  All right.  Thank you.  The defendant
23 is remanded to the custody of the marshals at this time, and
24 we'll proceed to the next case.
25     (END OF HEARING)

1    I, Mechelle Daniel, Federal Official Court Reporter in and for the United States District Court for the Northern District
2    of Texas, do hereby certify that the foregoing is a correct transcript to the best of my ability from a digital sound
3    recording of the proceedings in the above-entitled matter.

4

5    /s/ Mechelle Daniel                    **DATE**   APRIL 8, 2020

6    MECHELLE DANIEL, CSR #3549
     FEDERAL OFFICIAL COURT REPORTER

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25