```
1                      UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF TEXAS
2                            ABILENE DIVISION

3    UNITED STATES OF AMERICA        )
                                     )
4    VS.                             )  CAUSE NO. 1:19-CR-021-P-BU-2
                                     )
5    CHRISTOPHER JAMES REGAN         )

6

7      ------------------------------------------------------

8                           REARRAIGNMENT
                BEFORE THE HONORABLE JOHN R. PARKER,
9                 UNITED STATES MAGISTRATE JUDGE

10                    FRIDAY, OCTOBER 11, 2019
                          ABILENE, TEXAS
11
       ------------------------------------------------------
12

13
                        A P P E A R A N C E S
14
     FOR THE GOVERNMENT:
15   UNITED STATES ATTORNEY'S OFFICE
     1205 TEXAS AVENUE, SUITE 700
16   LUBBOCK, TEXAS 79401
     BY:  RUSSELL H. LORFING
17

18   FOR THE DEFENDANT:
     BLIZZARD & ZIMMERMAN
19   ATTORNEYS AT LAW
     441 BUTTERNUT STREET
20   ABILENE, TEXAS 79605
     BY:  JACOB AUSTIN BLIZZARD
21

22

23

24   PROCEEDINGS RECORDED BY DIGITAL SOUND RECORDING; TRANSCRIBED
     BY MECHELLE DANIEL, FEDERAL OFFICIAL COURT REPORTER, 1205 TEXAS
25   AVENUE, LUBBOCK, TEXAS 79401, (806) 744-7667.
```

```
 1                    P R O C E E D I N G S

 2         (DIGITAL RECORDING BEGINS)

 3              THE COURT:  --and, second, that you are entering

 4    into this plea knowingly and voluntarily.  Do you understand?

 5              THE DEFENDANT:  Yes, sir.

 6              THE COURT:  At the conclusion of this hearing, I

 7    will make a report and recommendation to the district judge,

 8    and the district judge will be the one who will actually be

 9    doing your sentencing.  Do you understand that?

10              THE DEFENDANT:  Yes, sir.

11              THE COURT:  Okay.  And my recommendation to him

12    will be on whether or not he should accept the plea that you

13    intend to offer here today.  My recommendation in large part

14    will be based upon your responses to my questions, my

15    observations of you today in court, the opinions of both

16    counsel: your counsel, Mr. Blizzard, and Mr. Lorfing.  Do you

17    understand that?

18              THE DEFENDANT:  Yes, sir.

19              THE COURT:  Okay.  And again, the district judge

20    will ultimately decide, after reviewing today's proceedings and

21    my recommendation, whether to accept your plea, and if he does,

22    he will conduct a separate hearing at a later date to determine

23    your sentence.  Do you understand that?

24              THE DEFENDANT:  Yes, sir.

25              THE COURT:  Okay.  As I said, I need to ask you
```

1   some questions under oath to assure myself that you are both

2   competent and entering into this plea knowingly and

3   voluntarily, so I'll ask that you be placed under oath at this

4   time.

5          (THE DEFENDANT IS SWORN BY THE COURTROOM DEPUTY)

6              THE COURT:  Mr. Regan, do you understand that you

7   are now under oath--

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  --and if you answer any of my questions

10  falsely, your answers may later be used in a prosecution

11  against you for those false answers?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  Okay.  Also, if you answer any of my

14  questions falsely, your plea may also be invalid.  Do you

15  understand that?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  Okay.  As a result, it's critically

18  important that you understand each of my questions.  If you do

19  not understand one of my questions, I ask that you either

20  consult with your counsel or ask me.  Otherwise, again, if you

21  don't understand a question, your plea will not be valid.

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  Mr. Regan, you have the right to enter

24  your guilty plea before a United States district judge.  Do you

25  understand that?

```
 1                    THE DEFENDANT:  Yes, sir.

 2                    THE COURT:  For me to conduct the plea proceedings

 3     here today, you must consent to entering your plea before a

 4     United States magistrate judge.  And I have before me a written

 5     consent signed by you.  I'm holding that up, if you can see

 6     that.

 7                    THE DEFENDANT:  Yes, sir.

 8                    THE COURT:  Does that bear your signature?

 9                    THE DEFENDANT:  Yes, sir.

10                    THE COURT:  Did you have an opportunity to discuss

11     this consent with Mr. Blizzard before signing it?

12                    THE DEFENDANT:  Yes, sir.

13                    THE COURT:  And did you read this thoroughly?

14                    THE DEFENDANT:  Yes, sir.

15                    THE COURT:  Okay.  And do you, in fact, consent to

16     me conducting this proceeding?

17                    THE DEFENDANT:  Yes, sir.

18                    THE COURT:  Okay.  Mr. Lorfing, does the government

19     consent to me conducting this proceeding?

20                    MR. LORFING:  Yes, Your Honor.

21                    THE COURT:  I find that both parties have knowingly

22     and voluntarily consented to the United States magistrate judge

23     conducting these proceedings, and the consent form will be

24     entered on the record.

25                    Mr. Regan, please state your full name for the
```

1    record.

2             THE DEFENDANT:  Christopher James Regan.

3             THE COURT:  And where were you born?

4             THE DEFENDANT:  Mesquite, Texas.

5             THE COURT:  And how old are you now, Mr. Regan?

6             THE DEFENDANT:  Thirty-seven.

7             THE COURT:  And how far did you go in school?

8             THE DEFENDANT:  GED.

9             THE COURT:  Have you been treated recently for any

10    mental illness?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Okay.  And does the treatment you're

13    receiving or the mental illness that you're being treated for

14    affect your ability to understand what we're doing here today?

15             THE DEFENDANT:  No, sir.

16             THE COURT:  Does it affect your ability to fully

17    engage in this process knowingly and voluntarily?

18             THE DEFENDANT:  No, sir.

19             THE COURT:  Have you been treated recently for any

20    addiction to alcohol or narcotic drugs?

21             THE DEFENDANT:  No, sir.

22             THE COURT:  Are you now or have you ever been under

23    the care of a physician or psychiatrist?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  And same question as before.  Does that

1    care or that condition for which you're being treated in any

2    way affect your ability to either understand the proceedings

3    today or to make decisions knowingly and voluntarily?

4              THE DEFENDANT:  No, sir.

5              THE COURT:  Are you currently under the influence

6    of any drug, medication, or alcoholic beverage of any kind?

7              THE DEFENDANT:  No, sir.

8              THE COURT:  Are you mentally impaired in any way

9    today?

10             THE DEFENDANT:  No, sir.

11             THE COURT:  Are you of sound mind and understand

12   what is happening today and why we're here?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Mr. Lorfing, do you have any doubt as

15   to Mr. Regan's competence to plead at this time?

16             MR. LORFING:  No, Your Honor.

17             THE COURT:  And, Mr. Blizzard, do you have any

18   doubt as to Mr. Regan's competence to plead at this time?

19             MR. BLIZZARD:  No, Your Honor.

20             THE COURT:  Based upon the defendant's responses to

21   my questions, my own personal observations of him here in the

22   courtroom today, and counsel's representations, the Court finds

23   that the defendant is competent to understand these proceedings

24   and to enter a knowing and voluntary plea.

25             Mr. Regan, I'm going to discuss some rights that

1   you have.  First, I'm going to talk about your right to a

2   trial.  Do you understand, Mr. Regan, that under the

3   Constitution and laws of the United States, that you do, in

4   fact, have a right to a public and speedy jury trial?

5                 THE DEFENDANT:  Yes, sir.

6                 THE COURT:  And no one--not myself, not your

7   lawyer, not Mr. Lorfing or the government or the agents or

8   anyone else--can deny you that constitutional right.  Do you

9   understand that?

10                THE DEFENDANT:  Yes, sir.

11                THE COURT:  And at that trial, if you choose to

12  have a trial, you would have the assistance of counsel at all

13  stages of that trial, both in court and out of court.  Do you

14  understand that?

15                THE DEFENDANT:  Yes, sir.

16                THE COURT:  And you and your attorney, if you chose

17  to go to trial, could participate in the selection of the jury

18  that would ultimately decide your guilt or innocence.  Do you

19  understand that?

20                THE DEFENDANT:  Yes, sir.

21                THE COURT:  And at that trial, of course, you would

22  be presumed innocent, and the government would have the burden

23  of proof to prove your guilt beyond a reasonable doubt to each

24  and every juror on that jury.  Do you understand that?

25                THE DEFENDANT:  Yes, sir.

1      THE COURT:  During that trial, if you so chose to

2  have a trial, the government's witnesses would have to come

3  before the Court, before you, and you and/or your attorney

4  would have the opportunity to cross-examine those witnesses,

5  object to any evidence offered by the government, and otherwise

6  challenge the government's case against you.  Do you understand

7  that?

8      THE DEFENDANT:  Yes, sir.

9      THE COURT:  Do you understand, if you so chose, you

10  could present evidence in your own behalf at such a trial?

11      THE DEFENDANT:  Yes, sir.

12      THE COURT:  And you would have the power of the

13  Court to compel witnesses to testify on your behalf and to

14  otherwise produce evidence.

15      THE DEFENDANT:  Yes, sir.

16      THE COURT:  You would also have the right to

17  testify in your defense, but, of course, importantly, you would

18  have the right to not testify if you so choose.  Do you

19  understand that?

20      THE DEFENDANT:  Yes, sir.

21      THE COURT:  And if you chose not to testify, no

22  inference or suggestion of guilt could be taken from that.  Do

23  you understand?

24      THE DEFENDANT:  Yes, sir.

25      THE COURT:  Okay.  If you were found guilty at such

1    a trial, Mr. Regan, do you understand that you would have the

2    right to appeal your conviction and your sentence?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Okay.  Mr. Regan, these are very

5    important rights guaranteed you, as I said, by our Constitution

6    and the laws of the United States.  If you plead guilty today

7    and the Court accepts your plea, do you understand that you

8    will be giving up your right to a trial as I just described?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  There will be no trial, and you will be

11   adjudged guilty of the offense charged.  Do you understand

12   that?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Also, I think as I just mentioned, and

15   I think as you were previously advised during your initial

16   appearance in this matter, you have the right to remain silent

17   and make no statements whatsoever against yourself.  Do you

18   understand that?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  However, if you plead guilty, you will

21   have to waive that right to silence, since I will need to

22   satisfy myself, through my questions of you, whether or not you

23   are, in fact, guilty.  Do you understand?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  Okay.  And you understand you will have

1      to acknowledge your guilt in open court here today?

2                  THE DEFENDANT:  Yes, sir.

3                  THE COURT:  Okay.  Having discussed these rights

4      with you, Mr. Regan, do you still wish to plead guilty today?

5                  THE DEFENDANT:  Yes, sir.

6                  THE COURT:  Let's talk about the charges and the

7      penalties, Mr. Regan.  Have you had an opportunity to discuss

8      your case and your decision to plead guilty with Mr. Blizzard?

9                  THE DEFENDANT:  Yes, sir.

10                 THE COURT:  And are you fully satisfied with his

11     representation and his advice?

12                 THE DEFENDANT:  Yes, sir.

13                 THE COURT:  In particular, are you satisfied with

14     his advice and representation with regard to this plea you're

15     about to enter?

16                 THE DEFENDANT:  Yes, sir.

17                 THE COURT:  Turning now to the superseding

18     indictment, Mr. Regan, do you have a copy of the superseding

19     indictment in front of you?

20                 MR. BLIZZARD:  We don't, Your Honor.  We just have

21     the plea agreement here with us today.  I can put it in front

22     of him if I could borrow Mr. Lorfing's.

23                 THE COURT:  Mr. Regan, have you seen the

24     superseding indictment?

25                 THE DEFENDANT:  Yes, sir.  Yes, sir.

1          THE COURT:  Let's go ahead and get a copy out, if

2     that's--

3          MR. BLIZZARD:  Yes, sir.

4       (PAUSE)

5          THE COURT:  Mr. Regan, have you previously read the

6     superseding indictment?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  And have you discussed that indictment

9     with Mr. Blizzard?

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  And do you understand the nature of the

12    charges against you?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  Would you like to have Mr. Lorfing read

15    the charges aloud, or do you waive the reading of the

16    indictment?

17         THE DEFENDANT:  Waive the reading of the

18    indictment, sir.

19         THE COURT:  Thank you.  I will, however, ask

20    Mr. Lorfing to read the essential elements of the offenses to

21    which you intend to plead guilty.  Now, these are the elements

22    that the government, if you chose a trial, would have to prove

23    beyond a reasonable doubt.

24         Mr. Lorfing.

25         MR. LORFING:  Yes, Your Honor.  With regards to his

12
Case 1:19-cr-00021-P-BU   Document 201   Filed 04/10/20   Page 12 of 27   PageID 1518

1  plea to Count 1 of the superseding indictment, the government

2  must prove two elements:

3          First, that the defendant and at least one other

4  person made an agreement to commit the crime of producing child

5  pornography; and

6          Second, that the defendant knew of the unlawful

7  purpose of the agreement and joined in it willfully, that is,

8  with the intent to further the unlawful purpose.

9          With regards to his plea to Counts 2 and 3 of the

10  superseding indictment, Your Honor, both those counts are the

11  same crime, and the elements are as follows:

12          First, that the defendant employed, used,

13  persuaded, induced, enticed, or coerced a minor to engage in

14  sexually explicit conduct;

15          Second, that the defendant acted with the purpose

16  of producing a visual depiction or transmitting a live visual

17  depiction of such conduct; and

18          Third, that the visual depiction was produced or

19  transmitted using materials that had been mailed, shipped, or

20  transported in or affecting interstate or foreign commerce by

21  any means, including by computer, or that the visual depiction

22  was actually transported or transmitted using any means or

23  facility of interstate or foreign commerce or in or affecting

24  interstate or foreign commerce or mailed.

25          THE COURT:  Thank you, Mr. Lorfing.

*Transcription From Electronic Recording*
*Mechelle Daniel, FOCR - (806) 744-7667*

1          Mr. Regan, these essential elements just read by

2   Mr. Lorfing are also contained in the factual resumé which I

3   have before me and which also purports to bear your signature

4   on page 16.  Do you remember reading and signing that factual

5   resumé?

6               THE DEFENDANT:  Yes, sir.

7               THE COURT:  And does that appear to be your

8   signature I'm holding up?

9               THE DEFENDANT:  Yes, sir.

10              THE COURT:  And before signing this factual resumé,

11  did you have it--you read it and you discussed it with your

12  attorney?

13              THE DEFENDANT:  Yes.

14              THE COURT:  Did you understand everything that was

15  contained in the factual resumé, including those essential

16  elements?

17              THE DEFENDANT:  Yes, sir.

18              THE COURT:  And are each of the facts set out in

19  the factual resumé true and correct?

20              THE DEFENDANT:  Yes, sir.

21              THE COURT:  Mr. Blizzard, do you agree that the

22  essential elements of the offenses charged to which the

23  defendant intends to plead guilty are accurately read?

24              MR. BLIZZARD:  Yes, sir.

25              THE COURT:  Okay.  Mr. Regan, do you admit today

1    that you committed each of the essential elements of the

2    offense to which you are pleading guilty?

3                    THE DEFENDANT:  Yes, sir.

4                    THE COURT:  I will now ask Mr. Lorfing to state the

5    potential penalties provided by law for the charged offenses.

6                    MR. LORFING:  Yes, Your Honor.  The minimum and

7    maximum penalties the Court can impose include:

8                    Imprisonment for a period of not less than

9    15 years, and not to exceed 90 years;

10                    A fine not to exceed $750,000, or twice any

11    pecuniary gain to the defendant or loss to the victim;

12                    Three terms of supervised release of not less than

13    five years, nor more than life, which is mandatory under the

14    law and will follow any term of imprisonment.  If the defendant

15    were to violate the conditions of supervised release, the

16    defendant could be imprisoned for the entire term of supervised

17    release;

18                    A mandatory special assessment of $300, and

19    pursuant to 18, U.S.C., 3014, an additional amount of $15,000

20    if the Court finds the defendant is not indigent;

21                    Restitution to victims or to the community, which

22    is mandatory under the law and which the defendant agrees may

23    include restitution arising from all relevant conduct, not

24    limited to that arising from the offense of conviction alone.

25    This includes but is not limited to all relevant conduct

1  stemming from the offense of conviction, as well as dismissed

2  counts;

3           Costs of incarceration and supervision; and

4           Forfeiture of property.

5           THE COURT:  Thank you, Mr. Lorfing.

6           Mr. Blizzard, do you agree those are the potential

7  penalties for the charges?

8           MR. BLIZZARD:  Yes, Your Honor.

9           THE COURT:  Mr. Regan, do you understand the

10 potential penalties for the charges?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  Do you understand that if you plead

13 guilty, you're subject to those penalties just explained to you

14 by Mr. Lorfing?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  And do you also understand--  I believe

17 the indictment contains a forfeiture count.  Do you understand

18 that if you enter a plea of guilty here today and the judge

19 accepts that plea, that you will also be consenting to the

20 forfeiture of the property listed in the indictment?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Mr. Regan, do you understand that the

23 offense to which you are pleading today is a felony offense and

24 that if your plea is accepted, you will be adjudged guilty of

25 that offense.  And that adjudication will deprive you of

1   certain valuable civil rights, such as the right to vote, the

2   right to hold public office, the right to serve on a jury, and

3   the right to possess a firearm of any kind.  Do you understand

4   that?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  Mr. Lorfing went over the restitution.

7   Do you understand that the Court may also order and may be

8   required to order, under the Mandatory Victims Restitution Act,

9   that you make your restitution to any victim of the offense?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  Do you understand that the offense to

12  which you wish to plead guilty to today is classified as a sex

13  offense?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Do you understand that a conviction for

16  the offense will likely result in substantial future

17  restrictions on where you may live or work and with whom you

18  may associate?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  Do you understand that a conviction for

21  the offense to which you seek to plead guilty today will

22  subject you to registration as a sex offender and to residency

23  restrictions under state and federal law should you reside in

24  the United States after this sentence?

25             THE DEFENDANT:  Yes, sir.

1          THE COURT:  And do you further understand that you

2    may be subject to the registration requirements and residency

3    requirement restrictions for the remainder of your life?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Do you understand that as a part of any

6    supervised release at a later date, and those conditions that

7    might apply to that, you may be required to participate in sex

8    offender treatment, including any testing that might be

9    ordered?

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  And finally, do you understand, as a

12   part of any later supervised release conditions, you may have

13   restrictions on your internet usage and the installation of

14   monitoring and filtering software on any computer that you may

15   be allowed to use?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  Mr. Blizzard, were all formal plea

18   offers by the government conveyed to Mr. Regan?

19         MR. BLIZZARD:  Yes, sir.

20         THE COURT:  Mr. Regan, I have a document that's

21   entitled Plea Agreement, and on--  This is a nine-page

22   document.  And you have that in front of you.  Correct?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  And on page 8 of that document, it

25   again purports to bear your signature.  Is that your signature?

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  If you can't see this, I'm glad to hand

3    it down.

4           THE DEFENDANT:  Yes, sir.

5           THE COURT:  Okay.  That is your signature?

6           THE DEFENDANT:  Yes, sir.

7           THE COURT:  And on page 9 of that plea agreement,

8    there is a paragraph regarding the Sex Offender Registration

9    and Notification Act, and is that your signature on that as

10   well?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  Okay.  Did you read this plea agreement

13   before signing it?

14          THE DEFENDANT:  Thoroughly, yes, sir.

15          THE COURT:  Okay.  Did you discuss it with

16   Mr. Blizzard?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Did you understand everything stated in

19   the agreement before signing it?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Are all the terms of your agreement

22   with the government set out in this plea agreement and any

23   supplement it may--

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  I'm now going to go over some of the

1   specific provisions of the plea agreement just to ensure that

2   you understand what they are.  Again, I know you have gone over

3   with your lawyer.

4           You are pleading guilty to Counts 1, 2, and 3; is

5   that correct?

6           THE DEFENDANT:  Yes, sir.

7           THE COURT:  Importantly, on page 3 of your plea

8   agreement, paragraph 5, do you understand that the sentence in

9   this case will be imposed by the district judge after

10  consideration of what's called the United States Sentencing

11  Guidelines.  Do you understand that?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Do you also understand that those

14  guidelines are merely advisory; they are not mandatory?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  And no one--certainly no one in this

17  courtroom--can accurately predict with any certainty what your

18  ultimate sentence may be.  Do you understand that?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Okay.  And do you also understand that

21  you will not be allowed to withdraw your plea if your sentence

22  is higher than expected?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  And the actual sentence imposed by the

25  district judge in this case is solely within his discretion.

1    Do you understand that?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  On page 4, paragraph 8 of the plea

4    agreement, there's a paragraph on forfeiture of property.  I

5    think we've covered that.  But again, you agree not to contest,

6    challenge, or appeal in any way the forfeiture of the property

7    identified in the plea agreement; is that correct?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  I want to direct your attention now to

10   page 6, paragraph 12, Conditional Plea.  The parties have

11   agreed to a conditional plea where you specifically reserve the

12   right to have an appellate court review the denial of the

13   listed motions to suppress evidence; is that correct?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  And, Mr. Lorfing, I have to ask

16   specifically, did the United States consent to this particular

17   paragraph?

18             MR. LORFING:  Yes, Your Honor.

19             THE COURT:  I'll ask both attorneys to assure me

20   that you have some idea of determining what the word "prevail"

21   means on appeal, as listed at the top of page 7.  "If Defendant

22   prevails on appeal, then he may withdraw his guilty plea."

23             MR. LORFING:  Your Honor, my understanding of that

24   term is that if an appellate court reviews these motions and

25   determines that the material evidence should not be suppressed,

1    that that would constitute prevailing.

2             THE COURT:  And that's true for all the motions

3    listed?

4             MR. LORFING:  Yes, Your Honor.

5             MR. BLIZZARD:  That's my understanding as well,

6    Your Honor.

7             THE COURT:  Mr. Lorfing, are there any other

8    provisions of the plea agreement you believe I should address

9    specifically which I have not?

10            MR. LORFING:  No, Your Honor.

11            THE COURT:  And Mr. Blizzard, are there any other

12    provisions of the plea agreement you believe I should address

13    specifically which I have not?

14            MR. BLIZZARD:  No, sir.

15            THE COURT:  Okay.  Mr. Regan, are there any

16    provisions in this plea agreement that you do not understand,

17    whether I have covered them or not?

18            THE DEFENDANT:  No, sir.

19            THE COURT:  Counsel, I didn't notice any binding

20    terms in this plea agreement.  I assume there are none.

21            MR. LORFING:  Your Honor, when you say "binding"--

22            THE COURT:  Like an 11(c)(1)?

23            MR. LORFING:  I apologize.  Yes, Your Honor.  There

24    are no terms like that, or language.

25            THE COURT:  Okay.  Mr. Regan, do you understand,

1    again, that the federal court--that in federal court, the

2    district judge and only the district judge determines the

3    sentence?

4             THE DEFENDANT:  Yes, sir.

5             THE COURT:  And the district judge will not be

6    bound by this agreement that you have with the government,

7    because that's merely a contract between you and the

8    government.  Do you understand that?

9             THE DEFENDANT:  Yes, sir.

10            THE COURT:  And that these terms in the plea

11   agreement are merely recommendations to the district judge.  Do

12   you understand?

13            THE DEFENDANT:  Yes, sir.

14            THE COURT:  Do you also understand that after your

15   initial advisory guideline has been determined, that the

16   district court has the authority to either increase that

17   guideline range or decrease that guideline range based on

18   certain statutory factors?

19            THE DEFENDANT:  Yes, sir.

20            THE COURT:  And have you talked to Mr. Blizzard

21   about how those advisory sentencing guidelines and how those

22   additional statutory factors may affect your case?

23            THE DEFENDANT:  Yes, sir.

24            THE COURT:  And do you also understand that the

25   district court will not be able to determine your advisory

1    guideline range until after the presentence report has been

2    completed and both you and the government have had an

3    opportunity to challenge the reported facts and application of

4    the guidelines--

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  --in your particular case?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  Okay.  And finally, do you understand

9    that, in the federal system, parole has been abolished; there

10   is no parole?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  So you will not be released on parole.

13   Do you understand that?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  Mr. Lorfing, are there any other

16   advisements that have not been given Mr. Regan that you believe

17   should be given before he pleads guilty?

18             MR. LORFING:  Your Honor--and the Court may have

19   covered this--just to confirm that the defendant has reviewed

20   the factual resumé, and everything contained in that factual

21   resumé is accurate and true.

22             THE COURT:  Yes, I--

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  You have reviewed the factual resumé.

25   Correct?

```
 1                    THE DEFENDANT:  Yes, sir.

 2                    THE COURT:  You have gone over it with your lawyer.

 3       Correct?

 4                    THE DEFENDANT:  Yes, sir.

 5                    THE COURT:  All statements contained therein are

 6       true.  Correct?

 7                    THE DEFENDANT:  Yes, sir.

 8                    THE COURT:  Mr. Blizzard, are there any other

 9       advisements that I have not given Mr. Regan that you believe I

10       should give before he pleads guilty?

11                    MR. BLIZZARD:  No, Your Honor.

12                    THE COURT:  I find the plea agreement is in proper

13       form and direct that it be filed of record in this case.

14                    Mr. Regan, a plea of guilty must be purely

15       voluntarily--voluntary, rather.  Has anyone made any promise or

16       assurance to you that is not in the plea agreement between you

17       and the United States Government?

18                    THE DEFENDANT:  No, sir.

19                    THE COURT:  And that includes any plea agreement

20       supplement that may exist.

21                    THE DEFENDANT:  Yes, sir.

22                    THE COURT:  Has anyone threatened you in any way or

23       otherwise attempted to force you to plead guilty in this case?

24                    THE DEFENDANT:  No, sir.

25                    THE COURT:  Are you pleading guilty because you
```

```
1    are, in fact, guilty and for no other reason?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  And are you doing this of your own free

4    will?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  Mr. Regan, how do you now plead to

7    Count 1 of the superseding indictment?

8              THE DEFENDANT:  Guilty.

9              THE COURT:  Mr. Regan, how do you now plead to

10   Count 2 of the superseding indictment?

11             THE DEFENDANT:  Guilty.

12             THE COURT:  Mr. Regan, how do you now plead to

13   Count 3 of the superseding indictment?

14             THE DEFENDANT:  Guilty.

15             THE COURT:  Mr. Regan, do you consent to the

16   forfeiture of the property set forth in the notice of

17   forfeiture?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Being satisfied with the responses

20   given during this hearing, the Court makes the following

21   findings:

22             Mr. Regan is fully competent and capable of

23   entering an informed plea.  His plea of guilty to Counts 1, 2,

24   and 3 of the indictment--the superseding indictment are a

25   knowing and voluntary plea supported by an independent basis in
```

1    fact that satisfies each of the essential elements of the
2    offense charged.
3              I hereby find that there is indeed a factual basis
4    for the plea of guilty.  And since you have acknowledged that
5    you are, in fact, guilty as charged in Counts 1, 2, and 3, I am
6    signing a report and recommendation that the district court
7    accept your plea.  And you and your attorney will have 14 days
8    to file any objections to my recommendation.  Failure to object
9    may constitute a waiver of any rights there.
10             Mr. Regan, the district judge will order what's
11   called a presentence investigation report prepared by the
12   probation office.  It's in your best interest to cooperate as
13   fully as possible with the probation officer in compiling that
14   report, as that report will be a very important thing for the
15   district judge in his consideration of what sentence to impose.
16   Do you understand that?
17             THE DEFENDANT:  Yes, sir.
18             THE COURT:  And you and your attorney will also
19   have an opportunity to review that report and file any
20   objections.
21             THE DEFENDANT:  Yes, sir.
22             THE COURT:  The sentencing in this case will be set
23   at a later date.  February 11th of 2020 will be your sentencing
24   date, and that will be before the Honorable District
25   Judge Terry R. Means in Fort Worth.

1          And I believe, Ms. Davis, that sentencing will

2    actually occur in Fort Worth.  Is that correct?

3          COURTROOM DEPUTY:  (Inaudible.)

4          THE COURT:  Anything further, Mr. Lorfing?

5          MR. LORFING:  No, Your Honor.

6          THE COURT:  Mr. Blizzard, anything further?

7          MR. BLIZZARD:  No, Your Honor.

8          THE COURT:  The defendant is hereby remanded back

9    into the custody of the United States Marshal pending further

10   proceedings, including sentencing in this case, and this case

11   is in recess until sentencing.  Thank you.

12     (END OF HEARING)

13

14     I, Mechelle Daniel, Federal Official Court Reporter in and
     for the United States District Court for the Northern District
15   of Texas, do hereby certify that the foregoing is a correct
     transcript to the best of my ability from a digital sound
16   recording of the proceedings in the above-entitled matter.

17

18    _/s/ Mechelle Daniel_____  **DATE**   APRIL 8, 2020_____

19   MECHELLE DANIEL, CSR #3549
     FEDERAL OFFICIAL COURT REPORTER
20

21

22

23

24

25