# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2021

Lyle W. Cayce
Clerk

No. 20-10198
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER JAMES REGAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:19-CR-21-2

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Christopher James Regan entered a conditional guilty plea, reserving the right to appeal the district court's denial of his motions to suppress, to one count of conspiracy to produce child pornography and two counts of production of child pornography in violation of 18 U.S.C. § 2551(a) and (e).

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10198

He was sentenced to 1080 months of imprisonment.  He argues on appeal that the district court erred in denying his motion to suppress the evidence obtained from a search of his residence, and that the district court should have conducted an evidentiary hearing before denying his motion to suppress.  He also argues that the district court erred in denying his motion to exclude the statements of his co-defendant, Tanya Regan, in light of *Bruton v. United States*, 391 U.S. 123, 126 (1968).

This court engages in a two-step inquiry when reviewing a district court's denial of a defendant's motion to suppress which challenges the sufficiency of a warrant. *United States v. Froman*, 355 F.3d 882, 888 (5th Cir. 2004).  First, this court determines whether the good-faith exception to the exclusionary rule announced in *United States v. Leon*, 468 U.S. 897 (1984), applies. *Froman*, 355 F.3d at 888.  If the good-faith exception does not apply, this court proceeds to the second step and determines whether there was probable cause justifying issuance of the warrant. *Froman*, 355 F.3d at 888.

Contrary to Regan's assertions otherwise, the affidavit was not so bare bones as to render belief in the existence of probable cause entirely unreasonable. *See United States v. Woerner*, 709 F.3d 527, 533-34 (5th Cir. 2013).  To the contrary, the affidavit provided specific information, based on a cyber tip and evidence received by a subpoena, that the defendant's residence was associated with IP addresses that were associated with child pornography during the relevant period.  Further, there is no evidence that the issuing magistrate judge was misled by knowingly or recklessly false information in the affidavit or that the judge wholly abandoned his or her judicial role. *See id.*

Moreover, his argument that the warrant and affidavit failed to sufficiently particularize the place to be searched and the things to be seized likewise fails under the good faith exception.  The description was equally if

No. 20-10198

not more detailed than descriptions we have previously determined to be sufficient. *See United States v. Allen*, 625 F.3d 830, 836 (5th Cir. 2010); *see also United States v. Layne*, 43 F.3d 127, 132-33 (5th Cir. 1995). In short, the warrant and affidavit in this case were not so "facially deficient" such that officers could not reasonably presume that the warrant was valid. *See Woerner*, 709 F.3d at 533-34. As the district court did not err by applying the good-faith exception, we need go no further. *See United States v. Contreras*, 905 F.3d 853, 857 (5th Cir. 2018).

Regan's challenge to the denial of an evidentiary hearing likewise fails. This court reviews the denial of a hearing on a motion to suppress for an abuse of discretion. *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983). "Evidentiary hearings are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief." *Id.* Regan argues that he should have been granted the opportunity to prove, in a hearing, his claims that the magistrate abandoned her detached and neutral role and the affiant acted recklessly in preparing the warrant. However, Regan alleges no "definite, specific, detailed, [or] nonconjectural" facts to support his claims or to otherwise show that he is entitled to relief. *Id.* Regan's bare assertions, with no supporting details or facts, are insufficient to show that the district court abused its discretion by not conducting a hearing.

Lastly, Regan argues that the district court erred in denying his motion to exclude the statements of his co-defendant in violation of *Bruton*. Regan fails to explain how the purportedly inculpatory statements were used against him in violation of his Sixth Amendment Confrontation Clause rights. *See United States v. Powell*, 732 F.3d 361, 376 (5th Cir. 2013). Rather, as noted above, Regan pleaded guilty to his crime. He did not proceed to trial, let alone to a joint trial at which an inculpatory statement of a non-testifying co-

No. 20-10198

defendant was used against him.  *See id.*; *see also United States v. Restrepo*, 994 F.2d 173, 186 (5th Cir. 1993).  He has demonstrated no *Bruton* error.

Accordingly, the judgment of the district court is AFFIRMED.